J. A. GRIMISON, PLAINTIFF IN ERROR, V. H. C. RUSSELL, DEFENDANT IN ERROR.

**Practice:** LOST PLEADINGS: JUDGMENT WITHOUT PLEADINGS. There was a petition, demurrer thereto, which had been over-ruled and exception taken, and answer. Issue being joined by the answer, there was a trial to the court, and·the case taken under advisement.· Between the trial and judgment all of the pleadings were lost, and objection was made by the defendant in the action to the entry of judgment without any pleadings being on file. But this objection was overruled, and judgment entered without either the pleadings or substituted copies. *Held*, error.

ERROR to the district court for Colfax county. Tried below before POST, J.

*Phelps & Thomas*, for plaintiff in error.

*M. B. Hoxie* and *L. D. Chambers*, for defendant in error.

LAKE, J.

Our decision in this case must turn upon the fourth point made in the assignment of errors, viz.: "That the said court erred in rendering said judgment at the September term of said court, when there was no peti-tion, nor answer, nor demurrer, nor writ, nor any pleading, procedure, or process in said action on the files of said court."

The fact is, as the parties agree, and the record shows, that after trial and before judgment—the case having been taken under advisement by the judge—all of the pleadings were lost, and have never been found or supplied. Under this circumstance, was the rendi-tion of judgment against the defendant below, against

his assent, permissible? We think not, for several reasons, of which we will state the following:

In the first place, there is no authority for a court to render judgment against a party defendant, except by his consent, without a petition showing the existence of a cause of action against him and in favor of the plaintiff. And to this petition he must have had the opportunity to answer which the statute gives. The provision for rendering judgment without pleading is found in sec. 433 of the civil code, which declares that " any person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and with the assent of the creditor or person having such cause of action, confess judgment therefor, whereupon judgment shall be entered accordingly." But in such case an ordinary judgment, as upon issue joined, will not suffice, for the next section of the code requires that "the debt or cause of action shall be briefly stated in the judgment, or in a writing to be filed as a pleading in other actions." And this statement of the cause of action is essential as a protection to the debtor against a subsequent prosecution upon the same demand.

Another sufficient reason for holding a judgment so rendered erroneous is, that without the pleadings or substantial copies thereof being on file and copied into the record brought to this court, it is impossible to determine many of the questions that may be raised upon the judgment by the defendant in the action. Did the petition state a cause of action in favor of the plaintiff? Without knowing what that pleading contained, we cannot tell; but if it be conceded that it did, then what issue was tendered by the answer, and upon which testimony was required to warrant a recovery? In a contested case, as this one was, these are most important questions, and were distinctly raised by demur-

ring to the petition, and by exceptions taken during the trial, as to the sufficiency of the evidence, under the issue joined, to support the judgment that was finally rendered. With the lost pleadings unsupplied, the clerk of the district court was without the means of making the complete final record required of him by secs. 444, 445, and 446 of the code; and was unable to furnish to the plaintiff in error such transcript of the proceedings in that court as is requisite in bringing the case here by petition in error.

It is contemplated by the code of civil procedure that cases may arise when, even though a party may have verdict found against him, still he shall be entitled to judgment in his favor. Accordingly, it is provided by sec. 440, that: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." One of the grounds of the motion for a new trial in this case was, that the judgment "is contrary to the law of the case." Under this objection, no review of the decision of the court below is possible without access to the pleadings; and by it, the necessity of a distinct understanding of the issue between the parties is made apparent. "Upon the statements in the pleadings," which of the parties was "entitled by law to judgment in his favor" in this case? If a court should be permitted to render a judgment against a party without pleading, and against his will, how could this inquiry be answered by a reviewing court? In such case, would not the decision of the trial court necessarily be final?

By section 137 of the code, provision is made for the substitution, by order of the court, of copies of the original pleadings either lost or withheld by any person. And this is the course that ought to have

been pursued on the discovery of the loss of these pleadings in the court below. For these reasons we are of opinion that the judgment should be reversed, and the cause remanded to the court below for further proceedings.

REVERSED AND REMANDED.