FEDER, NUSBAUM & CO. ET AL. v. E. SOLOMON ET AL.

[FILED MARCH 23, 1892.]

**Lost Pleadings:** TRIAL: VERDICT SET ASIDE. During the pendency of the action in the district court, all the pleadings were lost, and have not since been found. The action was tried and a verdict returned in favor of the plaintiffs, in the absence of defendants and their attorney, without the substitution of copies of the lost pleadings. *Held,* That the verdict be set aside and a new trial granted. (*Grimison v. Russell,* 11 Neb., 469.)

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*Montgomery & Jeffrey,* for plaintiffs in error.

*M. A. & J. C. Hartigan, contra.*

NORVAL, J.

Prior to the trial in the lower court all the pleadings in the case were lost, and have not since been found. The cause was tried to a jury and a verdict returned in favor of plaintiffs below, in the absence of the defendants and their attorney, without there being any pleadings in the files of the court. No order had been made for the substitution of copies of the original pleadings lost, nor had copies thereof been substituted.

We are all of the opinion that the court erred in permitting the trial of the action under the facts stated. The case comes clearly within the opinion in *Grimison v. Russell*, 11 Neb., 469. There the action was tried to the court and taken under advisement. After the trial, but before judgment, the pleadings were lost. It was held that the court erred in entering judgment without the pleadings or substituted copies being on file. The reasons for the rule are clearly stated in the opinion filed by Justice LAKE, which we think is a correct exposition of the law, and it is unnecessary to enter upon a discussion of the question. The case cited is decisive of this.

It is claimed the error was cured in this case, for the reason that after verdict and filing of the motion for a new trial the defendants in error filed alleged copies of the original pleadings. We do not yield assent to the proposition. With the lost pleadings unsupplied before trial the court could not correctly state the issues to the jury. Obviously, it could not do so without knowing what the pleadings contained. The effort of the trial judge to correctly instruct the jury as to the issues involved in the case was unsuccessful, if the copies supplied by the plaintiff below after verdict, are true copies of the original pleadings. The substituted petition is in the usual form of such pleading

in an action upon an attachment bond; yet the court told the jury that the action was for the wrongful, malicious, and unauthorized issuance of the writ of attachment and was not founded on the undertaking in attachment. Thus the cause was submitted to the jury upon issues not presented by the substituted pleadings, which, doubtless, would not have occurred had the same been supplied before the commencement of the trial. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.