## GLOVER v. RAINEY.

1. When the bill in a Chancery cause is lost or abstracted from the files, another may be substituted, but if this is not done, no decree can be rendered in favor of the complainant, but the suit must be dismissed.

THIS was a bill in Chancery, filed by the defendant in error, against the plaintiff in error.

The bill having been lost or abstracted from the files, a motion was made by the defendant, that the cause be dismissed for want of prosecution, which motion the Court refused; and at a subsequent term of the Court decreed, that a report, which had been made in the cause, " be confirmed; that defendant pay to complainant the sums ascertained against him, for which he may have execution; and that the receiver pay over to complainant the sum reported to be in his hands, and that defendant pay the costs of this suit.

From this decree the defendant prosecutes a writ of error to this Court.

J. L. MARTIN, for plaintiff in error.
ELLIS, contra.

ORMOND, J.—In Dozier v. Joyce, 8 Porter, 303, and in Williams v. Powell, 9 Porter, 493, this Court laid down the rules for the substitution of lost papers from the files, and that this right existed as well after as before judgment; and could be done pending a writ of error. In this case, the bill is lost or

has been abstracted from the file of papers in the cause, and no attempt has been made or offer to supply its place; indeed the counsel for the defendant in error, admits his inability to do so.

In this aspect of the case, it is impossible to sustain the decree; without the bill it is impossible to know, with any approach to certainty, what the nature of the claim asserted against the defendant is; and without knowledge on this head, how can it be ascertained whether the report of the Master, made as it must have been, if correctly made, on proof of the allegations of the bill, is correct or not. It is true, it may be conjectured what the allegations were from the answer, and other facts of the cause; but any decision, based on such data, would be deficient in that certainty, which is necessary in all judicial proceedings.

The decree is, therefore, reversed and the bill dismissed; but without prejudice to any suit, which the defendant in error, may think proper to institute.