OTTO GROCH *et al.*

*v*

MICHAEL STENGER.

65    481
154    655

1. CHANCERY PRACTICE—*reference to master to find amount due on mortgage.* Where it appeared on bill to foreclose a mortgage that the note described in the mortgage was given to secure future advances, and did not represent the state of account between the parties, the evidence being voluminous, and disclosing a complicated state of account running through a considerable period of time subsequent to the making of the note and mortgage, showing the advance of various large sums of money, and that the mortgagor was entitled to numerous credits from time to time, and the evidence was unsatisfactory: *Held*, that it was the duty of the court to have referred the case to the master to state the account, leaving the parties to take exceptions to his report as to any matter with which they were dissatisfied; and for want of this, and because the evidence was unsatisfactory, the decree was reversed.

2. SAME—*error to take decree on lost bill.* Where the supplemental bill upon which a decree was based did not appear in the record and was lost before decree taken: *Held*, that it was a fatal error to proceed to a decree before supplying the lost files.

WRIT OF ERROR to the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. S. W. BROWN, for the plaintiffs in error.

Mr. C. J. METZNER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose two mortgages given by Robert Groch, in his life-time—one on the lands described in the bill, to secure a note of one thousand dollars payable to Valentine and Williams, and the other on the same lands to secure a note of six thousand five hundred dollars payable to defendant in error, with interest at the rate of ten per cent per annum.

The court dismissed the bill so far as it asked to have the Valentine and Williams mortgage foreclosed, without prejudice, and rendered a decree for the full amount of the note and interest secured by the other mortgage, together with the costs of foreclosure. The principal error assigned for the reversal of the decree is, that it is not sustained by the evidence.

The defense relied on by plaintiffs in error, who are the heirs at law of Robert Groch, deceased, is, that the note secured by the mortgage given to defendant in error was not given for any actual indebtedness then due, but to secure future advances, and that there is no such amount due thereon as found by the court.

There can be no doubt that the note secured by the latter mortgage was not given for any actual indebtedness due at the time, but to secure future advances to be made to Robert Groch, as he should need money in his business.

The evidence in the record is very voluminous, and discloses a complicated state of accounts between the parties, running through a considerable period subsequent to the making of the note and mortgage. It shows that large sums

of money had been advanced to Groch, and he was entitled to credits from time to time in their dealings.

We are satisfied that the note does not represent the true amount of indebtedness and could not properly be made the basis of the decree, but in the confused state of the accounts it would be exceedingly difficult to state or even to approximate to the exact amount. In order to ascertain with any certainty the amount due, would require great labor, and the investigation by the court of a vast volume of complicated and conflicting evidence. This is not the duty of the court. It is the appropriate work of the master, and the court below, when it appeared that the note did not represent the true amount of indebtedness, ought to have referred the cause to the master to take and state the account. This it did not do. Without making the calculations which ought to have been made by the master, we can not tell whether the decree is sustained by the evidence or not. When an account shall have been taken, if either party is dissatisfied with the result arrived at, upon exceptions being filed the court can readily determine whether the evidence sustains the report in that particular.

For the reason that the evidence is unsatisfactory the decree must be reversed and the cause remanded, with directions to the court to refer it to the master to state the account. This was the rule adopted in *Steere* v. *Hoagland et al.* 39 Ill. 264, and *Bressler* v. *McCune et al.* 56 Ill. 475.

Aside from this view of the case there is a fatal error in the record. The supplemental bill upon which the decree is based does not appear in the record. It is represented that it was missing from the files at the date of the decree, which seems to be conceded by the counsel for defendant in error. If so, the court ought to have caused the files to be supplied before it pronounced its decree. It was error not to do so.

For the error indicated the decree is reversed and the cause remanded for further proceedings.

*Decree reversed.*