[No. 11148.   Department One. — March 14, 1888.]

DANIEL REAGAN, APPELLANT, v. BRIDGET FITZ-
GERALD, EXECUTRIX, ETC., OF PATRICK FITZGERALD,
DECEASED, RESPONDENT.

INJUNCTION — JUDGMENT BY DEFAULT — JUSTICE'S COURT — MOTION TO SET
ASIDE DEFAULT. — The enforcement of a judgment by default rendered in a justice's court will not be restrained in equity on the ground that the same was taken through the inadvertence and excusable neglect of the judgment debtor, after a motion made by him in the justice's court, under section 859 of the Code of Civil Procedure, to be relieved from the judgment on such ground, has been denied.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order dissolving an injunction.

The facts are stated in the opinion of the court.

*John D. Whaley,* for Appellant.

*M. Cooney,* for Respondent.

SEARLS, C. J.—This is an appeal from a final judgment rendered in favor of defendant on sustaining a demurrer to plaintiff's complaint, and refusal by the latter to amend, and from an order dissolving an injunction.

The action was brought to annul a judgment rendered in favor of the plaintiff by default in a justice's court, and for an injunction restraining the collection or assignment thereof.

It appears from the complaint that the defendant, as executrix of the last will of Patrick Fitzgerald, deceased, brought suit against the plaintiff herein in a justice's court to recover two hundred and eighty dollars, as for money loaned to the latter by defendant's testator.

Summons was regularly served upon plaintiff, but the latter, being unable to read, made a mistake as to the return day, which was February 9, 1885, and did not appear in the cause until the following day, when he caused a demurrer to be filed to the complaint. This demurrer was on the 18th of February stricken out, on motion of plaintiff's counsel therein, and judgment entered against the defendant.

On the twenty-first day of February, 1885, defendant in that case moved the court to vacate the judgment and permit him to file an answer, basing his motion on the ground of mistake, inadvertence, and excusable neglect, and averring that he had a good and meritorious defense to the action on the merits. What particular facts were set out in the justice's court to show a meritorious defense to the action, beyond a statement of non-indebtedness, does not appear.

The motion to set aside the default was denied March 5, 1885, and thereupon this action was instituted.

Section 859 of the Code of Civil Procedure gives to justices' courts power, "on such terms as may be just, and

on payment of costs, [to] relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after the entry of the judgment, and upon an affidavit showing good cause therefor."

The application to set aside the default was in due time.

Injunctions to restrain proceedings at law are granted in instances where the facts show it to be against conscience to enforce such proceedings, and at the same time show that the injured party could not have availed himself of such facts in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence on his part.

In such cases, it mattered not whether the application was made before or after judgment or execution, and upon a proper showing a court of equity would interfere by injunction to restrain the adverse party. Bills of this sort are frequently termed bills for a new trial. (Story's Eq. Jur., sec. 887.)

Not that a new trial was in fact ordered in the court of law, for this could not be done, but that the result reached was tantamount thereto.

As above stated, a case for relief by way of injunction against a judgment at law must present facts not only showing the equitable rights of the complainant, but also showing that he could not have availed himself of such facts in the legal forum. The tendency of modern legislation and practice has been to greatly abridge the necessity for this class of bills by providing remedies in the courts of law for many of the exigencies which called them into existence.

Thus, in the present case, we may assume that default was taken against the plaintiff herein by his inadvertence and excusable neglect, and that he had a perfect

defense to the action; a case in which he would formerly have been entitled to relief in equity. But we cannot say he was powerless to take advantage of this mistake at law, for the reason that section 859, quoted above, is expressly designed to give relief in such cases, and thus by a short and adequate process to secure the ends formerly attained by the long and cumbersome process of a bill in equity.

He not only *could* but *did* move under this section in the justice's court.

The contention of plaintiff is, that the justice improperly decided against him, and that he has no appeal.

The answer is, that a court of equity does not sit as a court for the correction of errors in actions at law, and it never grants relief upon the ground of error or mistake in the judgment of the court of law, or because the court of equity, in deciding the same questions passed upon by the law court, would have reached a different conclusion. (Story's Eq. Jur., 3d ed., sec. 1575.)

We are, of course, speaking of judgments fair upon their face, and not of void judgments which may be impugned anywhere, and by direct or collateral attack. Even were we authorized to examine into the propriety of the action of the court in refusing to set aside the default of plaintiff, which we are not, we have not the record before us upon which he acted; *non constat*, but there may have been good reasons appearing for the refusal complained of.

It follows that, as it appears affirmatively from the law and the complaint, not only that plaintiff had an adequate remedy in the action at law, but that he pursued it, the complaint is insufficient to warrant the relief asked, and the demurrer was properly sustained; and as he declined to amend, and final judgment was rendered against him, the injunction was properly dismissed.

Judgment and order affirmed.

McKINSTRY, J., and PATERSON, J., concurred.