### RADER *v.* BARR.

[61 Pac. 1027.]

| 37 | 453 |
| 39 | 527 |
| 37 | 453 |
| 43 | 487 |

TRANSCRIPT AS AN ITEM OF COSTS.

1. The cost of preparing the transcript for an appeal must be paid primarily by the appellant, and the respondent cannot include it in his cost bill under any circumstances.

INJUNCTION TO RESTRAIN COLLECTION OF ILLEGAL COSTS.

2. Equity will interfere by injunction to restrain the collection of costs irregularly taxed without complying with the requirements of the statute as to notice, where the remedy at law is not available owing to the irregular practice of the taxing party, and the collection of such costs would be a manifest wrong: *Oregon Ry. & Nav. Co.* v. *Gates*, 10 Or. 514, applied.

PRACTICE IN FILING COST BILLS IN SUPREME COURT.

3. The provision of Section 556, Hill's Ann. Laws, requiring service of cost bills when filed more than five days after the entry of the judgment or decree, regulates the practice in the supreme court as well as in the circuit courts.

From Grant: MORTON D. CLIFFORD, Judge.

This is a suit by George Rader to enjoin the collection
in part of a judgment for costs and disbursements by this
court August 13, 1898, in favor of Emmet Barr as re-
spondent, and against George Rader as appellant, for
$215.85 : 33 Or. 375 (54 Pac. 210). The allegations of the
complaint are, in substance, as follows : That in the case
of *Emmet Barr* (respondent) v. *George Rader* (appellant) a
judgment was rendered in favor of the respondent by the
Supreme Court of the State of Oregon at its Pendleton
May term for the year 1898 ; that thereafter, to wit, on
September 5, 1898, the respondent filed a cost bill there-
in, composed of the following items :—

| | |
|---|---:|
| Printing brief | $ 39 00 |
| Cost of transcript | 139 00 |
| Clerk's fee, $40 ; paid on this, $——; due | 22 85 |
| Costs | 15 00 |
| | $215 85 |

That the item, "cost of transcript" was wrongfully and
fraudulently inserted in said cost bill by the respondent
or his attorneys ; that the same was paid by the appellant
before the cost bill was filed, and that therefore it should
not have been included therein ; that the clerk's fees
upon the appeal were $22.85, and no more ; that of said
amount the appellant paid $10 prior to the rendition of
judgment, and that at the time of filing said cost bill there
was due for clerk fees $12.85, and no more ; that no ob-
jections were filed to said cost bill by the appellant within
the time prescribed by law, and that the total amount
thereof, to wit, $215.85, was allowed and taxed by the
clerk ; that the Pendleton May term of said court ad-
journed for the term on August 13, 1898 ; that on Octo-
ber 13, 1898, by virtue of the mandate from the supreme
court, a judgment was entered in the circuit court for
Grant County in favor of Barr and against Rader for the
sum of $215.85, the full amount of said cost bill ; that
neither Rader nor any of his attorneys knew, nor were

any of them informed, of the said wrongful and fraudulent charges contained in said cost bill until after the supreme court had adjourned for the term and the entry of the judgment in the circuit court. The prayer is that the judgment be set aside as to said items, that defendant be enjoined from enforcing the collection thereof, and for general relief. A motion to strike from the complaint the words " wrongfully and fraudulently " and " wrongful and fraudulent " being sustained, a demurrer was interposed upon the ground that the complaint does not state facts sufficient upon which to base equitable relief, which was also sustained, and a decree rendered dismissing the suit, from which plaintiff appeals.

MODIFIED.

For appellant there was a brief over the name of *Lucian Evarts*, with an oral argument by *Mr. S. A. Newberry*.

For respondent there was a brief over the names of *Cattanach & Wood* and *Carter & Raley*, with an oral argument by *Mr. Chas. H. Carter*.

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

The sole question presented is whether the complaint states facts sufficient to entitle the plaintiff to the relief prayed for. The incident of the filing and allowance of the motion to strike out is not material to the inquiry, and will not receive further notice. In order that the nature of the controversy may be made clear, a brief reference will be made to the manner of recovering costs and disbursements, and having the same taxed, so as to entitle them to be entered as a part of the judgment or decree. Costs are certain sums allowed the prevailing party by way of indemnity for his attorney fees in the suit or action, and disbursements comprise such expendi-

tures as are necessary to maintain or defend the same, and include fees of officers and witnesses, the necessary expense of taking depositions, the publication of summons or notices, outlays for postage, compensation of referees, and the necessary expense of copying records, etc., used as evidence at the trial: Hill's Ann. Laws, §§ 548, 552, 553. Every witness, officer, or other person required to do or perform any act or service for any party to an action or suit is entitled to demand and receive his compensation in advance; but the party may pay the fees of officers, or give an undertaking therefor, at his option. Costs and disbursements are allowed by the clerk; but no disbursements can be allowed unless the party claiming them shall have filed with the clerk, within five days from the entry of the judgment or decree, a statement of the same, which shall be verified except as to fees of officers. Such statement may be filed, however, at any time after five days; but in such case a copy thereof must be served upon the opposite party. A statement of disbursements thus filed must be allowed, of course, unless the adverse party, within two days from the time allowed to file the same, shall file his objections thereto, stating the particulars thereof: Hill's Ann. Laws, § 556. When objections are preferred, provisions are made for filing an amended verified statement, and an allowance or disallowance by the clerk of the charges claimed: Hill's Ann. Laws, § 557; *Nicklin* v. *Robertson*, 28 Or. 278 (52 Am. St. Rep. 790, 42 Pac. 993).

1. The item of $15 in the statement contained in the complaint, being presumably for the statutory attorney fees in this court, is properly denominated "costs." All the other items are disbursements. The item of $139, as we understand from the complaint, is for a disbursement incurred by Rader upon his own account, and which Barr could in no event recover.

2.   As it respects the $10 item, it is not apparent that
Rader was entitled to it in the first instance ; but, if Barr
paid it once, it would be inequitable and unjust to re-
quire him to pay it again.   Notwithstanding this palpa-
ble injustice, it is insisted that, as plaintiff did not file
objections to the statement of disbursements, and the
objectionable items having become a part of the judg-
ment, he is now precluded from resorting to a court of
equity for relief ; in other words, it is argued that plain-
tiff had a good defense at law, which he neglected to in-
terpose at the proper time, and is therefore precluded by
the judgment.   The proceeding was at law, and the de-
fense by way of interposing objections purely legal in
its nature ; but these conditions do not, of themselves,
constitute an insuperable barrier to equitable interfer-
ence.   "Injunctions to restrain proceedings at law are
granted," says Mr. Chief Justice SEARLS, in *Reagan* v.
*Fitzgerald*, 75 Cal. 230 (17 Pac. 198), "in instances where
the facts show it to be against conscience to enforce such
proceedings, and at the same time show that the injured
party could not have availed himself of such facts in a
court of law, or of which he might have availed himself
at law, but was prevented by fraud or accident, unmixed
with any fault or negligence on his part.   *   *   *   A
case for relief by way of injunction against a judgment
at law must present facts, not only showing the equi-
table rights of the complaint, but also showing that he
could not have availed himself of such facts in the legal
forum."   So, in *Oregon Ry. & Nav. Co.* v. *Gates*, 10 Or.
514, an injunction was sustained, relieving a garnishee
from the payment of a judgment rendered against it for
a demand which it had previously satisfied, but had by
mistake made answer in the garnishee proceedings that
it was still indebted to the debtor of the attaching cred-
itor.   The doctrine of that case is that, in order to obtain

the injunction, it must be made to appear that the failure to make the appropriate answer or interpose the requisite defense was not attributable to any negligence or want of diligence on the part of the party invoking the equitable remedy, but was the result of accident or fraud, or the act of the opposite party, and, further, that the plaintiff has a good defense to the whole or such part of the cause of the action he proposes by his complaint to litigate, and thereby show that it would be unfair and inequitable to permit the judgment complained of to be enforced. To the same purpose, see *Freeman* v. *Miller*, 53 Tex. 372; *Wingate* v. *Haywood,* 40 N. H. 437.

3. Applying this settled doctrine of equitable jurisprudence, we are readily enabled to determine the controversy here. By the allegations of the complaint, the judgment rendered in this court must have been entered on or prior to August 13, so that it is apparent the statement of costs and disbursements was not filed within five days from the entry of judgment. This made it incumbent upon the respondent in that cause to serve the appellant with a copy of the statement; otherwise, he was not bound to take notice of it. He was only bound to take notice of what was done with respect to filing the statement for the space of five days after the entry of the judgment, but after that time had run he should have been notified by service of a copy; otherwise, he could not be charged with notice of the filing of the statement, and thereby be precluded by the action of the clerk. In such case, negligence or want of diligence cannot be imputed to the party failing to file the objections. Indeed, the omission would be attributable to the act of the party filing the statement in not giving the requisite notice thereof. The "cost of transcript" was not a proper item for which the respondent was entitled to recover of appellant under any circumstances. So with the item of clerk's

fees.   It is shown that plaintiff had paid $10 towards it.
It would seem, therefore, that he has a good defense to
that portion of the cost bill which he now seeks to con-
trovert, and it would be inequitable and unjust to compel
him to pay it again under execution for the enforcement
of the judgment.

In testing the sufficiency of the complaint by the de-
murrer, it must be construed most strongly against the
pleader.   It is alleged that neither George Rader nor any
of his attorneys knew or were informed that such charges
had been inserted in the cost bill until after the supreme
court had adjourned and the judgment had been entered
in the circuit court.   This is somewhat in the nature of
a statement of a conclusion.   By another allegation we
are advised "that no objections to said cost bill were filed
by said appellant within the time prescribed by law."
This would imply that he was required to file objections,
but had not.   If such is the case, his excuse for not filing
them is not sufficiently alleged by the statement that
neither he nor his attorneys had notice or knowledge of
the insertion of the charges complained of.   Under this
allegation, we cannot say that the appellant had not been
served with a copy of the statement of costs and disburse-
ments, and that it was not his duty to have appeared and
filed objections ; otherwise he would have been precluded
by the clerk's taxation of costs and disbursements and
their entry in the judgment.   The complaint is faulty in
this particular, while in other respects it appears to be
sufficient ; but, with a view of giving the plaintiff an
opportunity of yet stating a good cause, if he has one,
the decree of the court below will be reversed in so far
as it dismissed the suit, and affirmed in sustaining the
demurrer, and the cause will be remanded for such other
proceedings as may seem proper.          REVERSED.

Decided 15 August, 1900.

## ON MOTION FOR REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

Since the rendition of the opinion and entry of decree herein, the respondent has filed a petition for rehearing, by which it is urged that the cause ought to have been dismissed, instead of being remanded. In this we cannot concur, but, as the respondent has virtually prevailed in this court, the appellant should pay the costs of the appeal. The decree will therefore be modified accordingly, and the petition for rehearing denied.

MODIFIED AND REHEARING DENIED.