WHITNEY *et al.* v. HAZZARD *et al.*

1. An independent action in equity to set aside a decree foreclosing a mortgage on property of a corporation will lie where plaintiffs were not parties to the foreclosure suit, being stockholders of the corporation, and the decree therein was obtained by the fraudulent collusion of the corporation's president and the mortgagee, and plaintiffs' motion in the foreclosure suit to set aside the decree therein was defeated by the fraudulent and untruthful statements of the mortgagee.

2. The right of stockholders to maintain an action to set aside a decree, obtained by fraud, foreclosing a mortgage on property of the corporation, is not defeated by their failure to appeal from an order denying their motion in the foreclosure suit to set aside such decree, they not having, till after the time for appeal, obtained the evidence to disprove the false and fraudulent statements of the mortgagee by which he defeated their motion.

3. Stockholders of a corporation are not guilty of laches defeating their right to maintain an action to set aside a decree foreclosing a mortgage on the property of the corporation, which decree was obtained by the fraudulent collusion of the president of the corporation and the mortgagee, where they resided in a distant state, and had no notice for three years that the decree was entered, when they made a motion to set it aside, which was defeated by the false and fraudulent statements of the mortgagee, and did not obtain the evidence to disprove such statements till two years later, when they commenced the action.

4. Stockholders of a corporation may maintain an action in their own names to set aside a decree, obtained by fraud, foreclosing a mortgage on the property of the corporation, where they applied to the managing officers of the corporation to bring the action, and they refused to do so.

(Opinion filed November 17, 1904.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by George F. Whitney and others against Charles D. Hazzard and others. Demurrer to the complaint was overruled, and defendant Hazzard appeals. Affirmed.

*Buell & Gardner*, for appellant.

*James A. George* and *Chas. E. Davis*, for respondents.

CORSON, P. J.   This is an appeal from an order overruling the demurrer to the complaint. The action is brought by the plaintiff George F. Whitney and some 30 other plaintiffs, claiming to be stockholders in the Blossom Gold Mining Company, a corporation, against the defendant Hazzard and the

said mining company. The object of the action is to vacate and set aside a certain decree of foreclosure entered in the circuit court of Pennington county in favor of the said Hazzard and against said corporation. The complaint is exceedingly lengthy, extending over some 56 pages of appellant's abstract, but the controlling facts alleged in the complaint may be briefly stated as follows: In July, 1893, M. H. Day, president of the Blossom Gold Mining Company, procured a loan from defendant Hazzard, through various agents, of $10,000 to apply on payment of mining property in the state of California, purchased by the said M. H. Day in his individual name, for which said Day gave his promissory notes to the persons named. To secure these notes the said Day and one M. R. Lewis, secretary of said company, executed to the said parties notes and a mortgage in the name of the Blossom Gold Mining Company, which said notes and mortgage were assigned to said defendant Hazzard. In July, 1896, said M. H. Day's individual note not being paid, an action was commenced by the said defendant Hazzard to foreclose the mortgage so executed by said Day to said parties, and in December, 1897, a decree of foreclosure was entered, and the property of the mining company sold thereon, and bid in by said Hazzard, which sale was subsequently confirmed by the court. In 1900, the plaintiffs, having learned of this foreclosure sale of the company's property, and having learned some of the facts concerning the fraudulent use or said mortgage by the said defendant, made a motion to vacate and set aside said decree and the sale thereunder. To this the defendant Hazzard appeared, and filed an affidavit claiming that the said mortgage was properly and legally executed, and by means of false and fraudulent state-

ments therein induced the court to deny said motion.  Subsequently, in 1902, the plaintiffs came into possession of the documents and all the facts relating to said transaction, which it was before unable to obtain, and are now enabled to show conclusively that the said mortgage was executed by the said Day to secure his own personal loan, without the knowledge and consent of the corporation, and that the said Hazzard was fully advised that the said Day had no authority to execute the said mortgage, and that said mortgage was not legally binding upon the corporation, and that the said decree was obtained by collusion between the said Hazzard and the said M. H. Day, who was at the time president of said corporation.  It is alleged in the complaint that the plaintiffs, as stockholders in said corporation, were not notified of the existence of said action to foreclose said mortgage, and had no notice that a decree had been taken thereunder until 1900, as above stated.  And they further allege that they have requested the officers of the said Blossom Gold Mining Company to institute an action to vacate and set aside said judgment, but that said officers have refused, and still refuse, to institute any proceedings in behalf of the said mining company.

It is contended by the appellant: (1) That the plaintiffs have mistaken their remedy by bringing this independent action in equity, and that the remedy, if any they have, is by motion in the court in which the judgment was rendered.  (2) That plaintiffs, having failed to appeal from the decision denying motion to vacate the decree, are concluded thereby.  (3) That the plaintiffs, as stockholders, cannot maintain this action, and that the same should have been instituted in the name of the corporation.  (4) The complaint should be dis-

missed for want of equity because of the laches of the respondents.

In support of the first proposition the complainants rely largely upon the case of Freeman et al. v. Wood, 11 N. D. 1, 88 N. W. 721; Kitzman v. Mfg. Co., 10 N. D. 26, 84 N. W. 585; Reagan v. Fitzgerald, 75 Cal. 230, 17 Pac. 198. In the view we take of the case at bar, these decisions are not in point. In this case it will be observed that the plaintiffs were not parties to the foreclosure action, except as stockholders of the corporation. It will be further observed that the plaintiffs allege that the decree was obtained by collusion between defendant Hazzard and the said M. H. Day, and that they were defeated in their motion to vacate and set aside the judgment by the fraudulent and untrue statements made by the defendant Hazzard in opposition to said motion, and which at that time they could not procure evidence to disprove; and that since the hearing of said motion they have ascertained facts and have in their possession documents showing conclusively that the statements made by the defendant Hazzard in his affidavit on the motion to vacate and set aside the decree were fraudulent and untrue. These facts and allegations, we think, bring the case within the exception to the rule requiring motion to be made in the court in which the action is pending. The law applicable to this class of cases is clearly stated by the Supreme Court of the United States in United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 31. In that case the court, after discussing the general rule, says: "There is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the un-

successful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his oppenent—as by keeping him away from court, a false promise of a compromise, or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, * * * these and similar cases which show that there has never been a real contest in the trial or hearing of the case are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing. [Citing cases.] In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud practiced directly upon the party seeking relief against the judgment or decree that party has been prevented from presenting all his case to the court. * * * Mr. Wells, in his very useful work on Res Adjudicata, says (section 499): 'Fraud vitiates everything, and a judgment equally with a contract—that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for in general, the court will not go again into the merits of an action for the purpose of detecting and annuling the fraud. * * * Likewise, there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance besides the negligence of the defendant in presenting the defense in the legal action.' " It appears from the complaint in the case at bar that there was no real contest on the trial or hearing of the case, and for this reason a new suit would be sustained to set aside or annul the former judgment or decree and open the case for a new and fair hearing.

Assuming, therefore, the facts alleged to be true that the decree was obtained by collusion between the president of the mining company and Hazzard, and that the motion to vacate and set aside the decree was defeated by the fraudulent and untruthful statements of Hazzard, the plaintiffs show such a state of affairs as clearly entitled them to maintain this action. They are not seeking to reverse the decree of the court below upon the ground that the court committed error in entering the decree, nor are they seeking to vacate or set aside the order denying the motion on the ground that the court committed error in deciding the motion, but upon the ground that the decree was obtained by the fraudulent collusion between the defendant Hazzard and M. H. Day, acting for the mining company; and they seek to set aside the order of the court on the motion made to vacate and set aside the decree on the ground that that order was secured by the fraudulent and untruthful statements of said defendant Hazzard, made on the hearing of said motion, and which they then were unable to disprove, but which, by reason of obtaining new evidence, they are enabled to disprove. We are of the opinion, therefore, that this action has been properly brought.

There is no merit in the contention that plaintiffs cannot maintain this action for the reason that they failed to appeal from the order made by the circuit court refusing to vacate and set aside the decree. It appears from the allegations of the complaint that at the time the order was made and for a long time thereafter the plaintiffs had not come into possession of the documentary evidence which disproved the statements made by the defendant Hazzard in his affidavit, and hence the plaintiffs had no ground upon which to successfully prosecute

an appeal until long after the time had expired in which an appeal from the order could be taken. Their failure, therefore, to appeal from the order under the circumstances is no ground for denying them the right to maintain this action.

The contention of appellant that the action should be dismissed for want of equity because of laches of the plaintiffs is equally untenable. It appears from the allegations of the complaint that the plaintiffs reside in the Eastern States; that they had no notice that the decree was entered against the company in which they were stockholders until 1900. It further appears from the allegations of the complaint that very soon after they were informed of the decree and the sale of the property thereunder they made the motion referred to; that said motion was denied on account of the fraudulent statements of the defendant Hazzard; that subsequently they became possessed of the documentary evidence which is fully set out in their complaint, and which they claim will substantiate their right to a reversal of the decree and vacation of the sale made thereunder in the circuit court. It would seem from the allegations of the complaint, therefore, that the plaintiffs have acted promptly by instituting this action as soon as practicable after the newly discovered evidence came to their knowledge.

The complaint in this case is in the nature of a bill of review under the old chancery practice, and the rules governing such a review are well established. The contention of the appellant that the action should have been brought in the name of the corporation is met by the allegation that application was made to the managing officers of the corporation to bring the action, and that they declined so to do. Under the circumstances it is competent for the stockholders to bring the

18 S. D.—32

action in their own names, making the corporation a defendant. Loftus v. Farmers' Shipping Ass'n, 8 S. D. 201, 65 N. W. 1076.

We are clearly of the opinion, therefore, that the circuit court was right in overruling the demurrer to the complaint. The order of the circuit court appealed from is affirmed.