## FREDERICK MILLING CO. v. FREDERICK FARMERS' ALLIANCE CO.

The president of a corporation has no power to sign a stipulation consenting to a judgment foreclosing a mortgage on the corporation's property, the effect of which will be to practically devest the corporation of its entire property.

Where a corporation appeared by an attorney in a suit to foreclose a mortgage against it, the court could not recognize a stipulation, signed by the corporation's president, consenting to the entry of a foreclosure decree, which was neither signed nor assented to, by the corporation's attorney of record.

Where, at the time suit was brought against a corporation to foreclose a mortgage on its property, there was no board of directors to which stockholders could apply to defend such suit, the stockholders were properly permitted to represent the corporation so far as was necessary to move to vacate a judgment rendered against the corporation on a stipulation signed by its president without authority.

Where no appeal was taken from an order permitting stockholders to represent a corporation in defense of a foreclosure suit against it, such order was not subject to review on appeal from an order denying a motion to vacate an order to show cause why a certain stipulation and judgment in favor of plaintiff in foreclosure proceedings should not be vacated and set aside.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Brown County. Hon. J. H. Mc-Coy, Judge.

Action by the Frederick Milling Company against the Frederick Farmers' Alliance Company. From an order denying plaintiff's preliminary motion to vacate an order to show cause why a stipulation, judgment, etc., in the mortgage foreclosure proceedings should not be vacated, plaintiff appeals. Affirmed.

*Charles M. Stevens,* for appellant.

Where a charter or fundamental law of the corporation vests the management and exercise of its power in a board of directors, its management and powers must be exercised by them in their representative capacity as its agents. The corporation acts by and through its directors and cannot act otherwise, and in such case their action in regard to the affairs of the corporation are controlling and exclusive. It is a part of the contract of subscription of a stockholder that the affairs of the corporation are to be governed and controlled by them. 3 Clark & Marshall on Priv. Corps., Secs. 627 and 694; Button v. Hoffman, 61 Wis. 20; Arkansas R. L. & C. Co. v. Farmers L. & T. Co., 13 Col. 587; McCullough v. Moss, 5 Denio 567, 575; Conro v. The Port Huron S. Co., 12 Barb. 27; Singer v. Salt Lake C. Mfg. Co., 17 Utah 143. When a person subscribes to the stock of a corporation or purchases it, he impliedly authorizes the corporation to transact its business through the board of directors, but it is equally true, that it is a part of the implied contract that its business shall be transacted only by and through a majority of the board of directors, unless the charter and by-laws otherwise provide. Civil Code, Sec. 434; 3 Clark & Marshall on Priv. Corps. 2085, Sec. 681; 10 Cyc. 776; 2 Cook on Corps. (5th Ed.) 1751, Sec. 713a; 1 Beach on Priv. Corps., Sec. 272; Ex-parte vs. Willcocks, 7 Cowen 402; Calumet Paper Co. v. Haskell Show Printing Co., 144 Mo. 331; Wickersham v. Crittenden, 93 Cal. 17;

Smith v. Los Angeles I. & L. C. Ass'n, 78 Cal. 289, 20 P. 677; Curtin v. Salmon River, etc., Co., 130 Cal. 345, 62 P. 552; Bassett v. Fairchild, — Co. —, 64 P. 1082; Allemong v. Simmons, 124 Ind. 199, 23 N. E. 768; State v. Porter, 113 Ind. 79, 14 N. E. 883; Hill v. Rich Hill C. M. Co., 119 Mo. 9, 24 S. W. 223.

*F. F. Grant* and *Campbell & Taylor,* for respondent.

The right of stockholders to have a judgment set aside under proper circumstances and the rule that in the first instance the remedy is by motion in the action and not, except under extraordinary circumstances by action, is setled in this state. Whitney v. Hazzard, 18 S. D. 490; Terbell v. Lee, 40 Fed. 40. A motion for leave to intervene could not be entertained until the judgment had been set aside, for, until such time, there would be no action in which intervention could be had. Waymire v. San Francisco, etc. Company, 44 Pac. 1086. The stipulation on which the judgment was entered, was an ultra vires act of the president of the corporation. (a) The president of a corporation has no authority to confess judgment, or stipulate for entry of judgment against the corporation. 10 Cyc. 907. (b) Neither the president nor board of directors have power to do any act, the consequence of which is to deprive a corporation of its entire property. Cook on Stockholders, Sec. 666 and 667; Small v. Minneapolis, etc. Company, 47 N. W. 797. The party moving the vacation of a default entered, need not be a party to the record. It is sufficient if he have a real interest in the action. Aetna Ins. Co. v. Aldrich, 38 Wis. 107; Bartell v. Defenbach, 6 S. D. 21. Where a corporation is in default, a court may open the default as to the stockholders and permit them to defend and at the same time refuse to open the default as to the corporation. Morris v. Little Falls Mfg. Co., 48 N. W. 1124.

CORSON, J. This is an appeal by the plaintiff and appellant from an order of the court denying the preliminary motion of the appellant to vacate and set aside an order to show cause why the stipulation, judgment in the action, and proceedings thereunder should not be vacated and set aside. The action was instituted by the appellant to foreclose a real estate mortgate executed by the de-

fendant and respondent, a corporation, on the 2nd day of September, A. D. 1898, to one Stephen Cahill, to secure the payment of a promissory note for $910, with interest thereon at the rate of 10 per cent. per annum, and which mortgage and note had by various assignments become the property of the appellant. The respondent answered ,setting up in effect that the said mortgage and note had been paid and satisfied. On December 6, 1904, the appellant filed in the said action a stipulation executed in the name of the respondent by M. Gorder, its president, consenting that the appellant should take judgment as prayed for in its complaint. Thereupon a judgment was entered in favor of the appellant and against the respondent for $1,528.35, principal and interest, and adjudging that the mortgaged property be sold and the proceeds applied in payment of the amount so found to be due. On January 9, 1905, the court issued its order to show cause why the stipulation, judgment, and proceedings thereunder should not be vacated and set aside and the respondent permitted to file an answer. The order to show cause was isued upon the affidavits of Horace Barnard and E. J. Keeler, who made the said affidavits as directors of the said respondent company, and annexed thereto was the proposed answer of the said respondent. Prior to the hearing of said order to show cause appellant made and filed a written motion to vacate and set aside the same as being improvidently issued. This motion was denied by the court, and an order vacating and setting aside the stipulation, judgment, and proceedings thereunder, and granting leave to respondent to file an answer in the action, was made.

The said Barnard and Keeler in their affidavits set forth the facts above stated and that they were directors and stockholders in said company; that respondent had appeared and answered in the action; that one F. F. Grant, Esq., of Frederick, was the attorney for the respondent therein; that said stipulation had been entered into by the said Gorder, as president of the company, without authority and without their knowledge or consent, and as they believed without the knowledge or consent of any of the stockholders of said company other than said Gorder; that the board of directors of said respondent corporation consisted of seven members, four of whom reside without the state; that the property included

in the said mortgage comprised the entire property of the respond-ent corporation.   Said Barnard and Keeler also included in their affidavits a resolution purporting to have been adopted by the direct-ors residing within the state, within the exception of said Gorder, disaffirming the action of the said Gorder as president, and direct-ing the proceedings be instituted to vacate and set aside the stipu-lation, judgment and proceedings thereunder had in the action. By a subsequent affidavit made by Mr. Keeler it appears that he was mistaken in claiming to be a director of said respondent company, but reaffirming the fact that he was a stockholder therein.   On the hearing the affidavits of Howell Morgan and J. R. Chase, two of the other stockholders in said respondent company, were read, in which they set forth substantially the same facts as to the want of authority on the part of the president, Gorder, to enter into the stip-ulation, and that the same was signed and judgment taken in the action without their knowledge or consent.   The motion to vacate and set aside the order to show cause was made by the appellnat in effect upon the ground that the proceedings of the purported meet-ing of the board of directors disaffirming the action of the president, Gorder, in signing the stipulation and consenting to judgment were null and void, for the reason that there was not a majority of the directors of said company present at said meeting, and that no notice of the holding of said meeting was given as required by the statute, and that therefore the directors who purported to act for the corporation were not authorized to act for the same, and that the court was therefore without jurisdiction to vacate and set aside the judgment entered in the action.

It is contended, however, on the part of the respondent, that, asusming that the purported proceedings of the board of directors in disaffirming the action of its president were invalid for the rea-sons stated, still the court was right in denying the appellant's mo-tion, for the reason that the president of the corporation, as such, had no authority to sign the stipulation consenting that judgment might be entered in favor of the appellant, and that the judgment rendered was therefore irregular and voidable, if not void, and that, in view of the fact that no legal meeting of the board could be had, the stockholders had a right to appear in behalf of the respondent

and have the stipulation, judgment, and proceedings thereunder vacated and set aside, and an answer filed on behalf of the corporation, or at least on behalf of the stockholders as parties interested in the property, and that therefore the court's order denying appellant's motion should be affirmed.   We are of the opinion that the respondent is right in its contention, and that, conceding that the purported action of the board in disaffirming the action of its president was null and void, still the ruling of the court in denying appellant's motion, and in making the order and granting the respondent leave to answer was clearly right and proper, in view of the fact that the parties were interested as stockholders in the property adjudged to be sold, and, though strictly not parties to the action, they had the right to have the irregular and voidable judgment set aside and vacated.   This court held, in the case of Brettell v. Deffebach, 6 S. D. 21, 60 N. W. 167, that a party interested in property affected by a judgment or to be affected by it, though not a party to the record, might move to vacate and set aside the judgment entered therein. While it is true that the facts in that case were quite dissimilar to the facts in the case at bar, the principle nevertheless established by that decision is clearly applicable to the case at bar.   It is quite clear from this record that Gorder, as president of the company, had no authority as such to sign the stipulation consenting to judgment.   It was an ultra vires act of the president of the corporation, for as such the president had no authority to confess judgment or stipulate for entry of judgment against the corporation.   10 Cyc. 907.   The learned author of the work on Corporations in 10 Cyc. 907, supra, in giving the list of powers denied to the president of a corporation, includes the power to confess a judgment against the corporation.   Clearly such a power cannot exist in the president, when the effect of a judgment against the corporation would practically divest the right of the stockholders of their interest in the property of the corporation.   Neither the president nor the board of directors of a corporation have power to do any act the consequence of which is to deprive the corporation of its entire property.   Small v. Minneapolis Electro Matrix Co., 45 Minn. 264, 47 N. W. 797; Cook on Stockholders, §§ 666, 667.

Again, the corporation having appeared by attorney, any stip-

ulation in the action entered into by it personally would be void, as a court cannot recognize, nor can the opposite party claim to act upon, any stipulation made by a litigant or any step in the cause taken by him, unless it is done with the express assent of his attorney of record. 3 Am. & Eng. Ency. Law, p. 357. In the case at bar the attorney of record neither signed the stipulation or assented thereto, so far as the record disclosed. Undoubtedly the old rule was, as contended for by the appellant, that a corporation could only act through its board of directors, and that before the stockholders could be heard in an action to protect their interest in the corporation they must show that they have requested the board to take the action desired by them. But this rule has been relaxed by the recent decisions, and where it appears that the directors or trustees of a corporation are so acting as to intentionally prejudice the rights of the stockholders, or a meeting of such board cannot be had, the stockholders may apply to the court for relief without first presenting to such board a request that it proceed to take such action as will protect their interests. Loftus v. Farmers' Shipping Ass'n, 8 S. D. 201, 65 N. W. 1076; Glover v. Manila Mining Co. (S. D.) 104 N. W. 261; Whitney v. Hazzard, 18 S. D. 490, 101 N. W. 346. In the case at bar, as will be seen, there was no board to which application could be made. Any attempt, therefore, to secure the action of such board, would have been unsuccessful, as such a board could not have been convened. Under such circumstances, unless the stockholders are permitted to represent the corporation, at least in so far as it was necessary to make the motion to vacate and set aside the judgment, they would have been without remedy. In other than very exceptional cases a motion to vacate and set aside the judgment should be made in the action in which the judgment is entered. Waymire et al. v. San Francisco & S. M. Ry. Co. et al., 112 Cal. 646. 44 Pac. 1086; Whitney v. Hazzard, supra. In the former case the court, in dismissing an action commenced to vacate and set aside a judgment, uses the following language: "If the corporation refuses to answer the foreclosure complaint, or, having properly and fully answered, probably would not prosecute the defense in good faith, then upon a proper application to the court the stockholders would have been permitted to intervene, and to plead

and prove all material facts alleged in their complaint in this action, and also to cause the necessary parties to be brought in." In the latter case this court recognizes the general rule, though in its decision, in view of the fact that the time for the appeal from the order made upon such a motion had expired, held that the case came within the exception to the rule that an action could be maintained in equity to vacate and set aside the judgment. While possibly it might have been more formal to have vacated and set aside the judgment, and then permitted the stockholders to answer by way of intervention, the order of the court permitting the stockholder to act for and represent the corporation is not open to any serious objection, and, as no appeal was taken from that order, it is not a subject of review on this appeal.

The order denying the appellant's motion to vacate and set aside the order to show cause is affirmed.

