Argued January 26, decided March 1, 1910.

## MILLER *v.* SHUTE.

[107 Pac. 467.]

EXECUTION—STATUTORY PROVISIONS.

1. Section 309, B. & C. Comp., as amended by Sess. Laws 1907, c. 193, p. 356, is a part of the civil procedure under attachment proceedings, and has no application to the law of executions on judgments or decrees.

EXECUTION—FORTHCOMING BOND—EFFECT.

2. Where the sheriff, after levying on property, surrendered it to the judgment debtor, and the latter failed to redeliver the same according to the terms of his undertaking, the execution became *functus officio,* and the plaintiffs in the writ were remitted to their action on the undertakings, as authorized by Section 236, B. & C. Comp.

APPEAL AND ERROR—PERSONS ENTITLED TO ALLEGE ERROR—ERROR AS TO PERSONS NOT PARTIES.

3. The Supreme Court will not on appeal take notice of a judgment against one not a party to the suit, and who does not complain.

PLEADING—LOSS—RESTORATION.

4. Where the original pleadings filed in a case are lost or destroyed, copies must be substituted, and, in an equity suit, the court cannot regularly proceed to trial or to the entry of a judgment or decree without first restoring the original record or supplying the omission by the substitution of substantial copies.

JUDGMENT—EQUITABLE RELIEF AGAINST—INJUNCTION.

5. Where the court rendering a judgment or decree has jurisdiction of the subject-matter and of the parties, equity may not enjoin such judgment or decree for errors or irregularities in the proceedings leading thereto, or in the judgment or decree itself, though it was unjust, and the error warranted a new trial.

JUDGMENT—EQUITABLE RELIEF—RESORT TO REMEDY BY MOTION TO VACATE.

6. One moving to set aside a void judgment under Section 103, B. & C. Comp., which by section 396 is made applicable to suits in equity, is bound to pursue to a final determination that remedy, which is complete and ample, and is a bar to suit in equity for the same relief on the same ground.

MORTGA'GES—FORECLOSURE DECREE—SETTING ,ASIDE—RIGHT TO RELIEF.

7. In an action by a mortgagor to set aside part of a foreclosure decree, where defendant, the foreclosure plaintiff, admitted that it was agreed that the confirmation of the sale might be taken, and the motion to open and correct the judgment be left open, waiver by plaintiff of his previous objections to the confirmation of the sale extended only to the regularity of the proceedings affecting the sale, and did not constitute a ratification of the validity or regularity of the decree.

COSTS—TAXATION—DISBURSEMENTS—COST BILL—SERVICE.

8. Since under the express provisions of Sess. Laws 1903, p. 209, where a cost bill is not filed within five days after rendition of judgment, no disbursements can be allowed unless a statement thereof is served on the adverse party, where there was no proof of such service, the judgment to the extent of such disbursements was void; the statute being a limitation on the power of the court to allow disbursements.

From Washington: THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE SLATER.

This suit was brought by George W. Miller against J. W. Shute, *et al.,* to enjoin the sale of certain personal property of the plaintiff seized by the sheriff of Washington County on an execution issued out of the circuit court of that county upon a decree rendered against plaintiff on December 10, 1903; to set aside and cancel that part of the decree covering disbursements, amounting to $34.80; and to enjoin defendants from asserting any rights against plaintiff under the remainder of said judgment and decree. The substance of the facts stated in the complaint is that prior to December 16, 1899, Thos. H. Tongue, now deceased, who is represented herein by E. B. Tongue as the administrator of his estate, and J. W. Shute, instituted suit against George W. Miller to foreclose as a mortgage a contract for the sale and purchase of a certain lot or tract of land, in which suit a personal judgment was demanded against Miller for the amount due on the contract; that on December 16, 1899, the cause was tried, testimony taken, and, after argument, submitted to the court, and taken under advisement; that about four years thereafter, on December 10, 1903, the court filed its findings of fact and conclusions of law, and upon the same day rendered, and there

was entered of record, a decree foreclosing the mortgage and giving personal judgment against Miller for $600, with interest at eight per cent from April 1, 1896, all of which, it is alleged, was done without notice to Miller or his attorney, and without any knowledge thereof on the part of either of them; that shortly after the trial of the case the pleadings, evidence, and documents were lost without any fault of plaintiff, and have not since been found; that on December 18, 1903, and more than five days from the entry of the decree, a cost bill for the amount of $44.80 was filed by the plaintiff, which amount was entered by the clerk as a part of the decree, but no copy thereof had been served on Miller or his attorney, and that they had no notice thereof; that of that sum $10 for "costs" proper, and the remainder represented disbursements; that by reason of the delay in filing the cost bill and the failure to serve it, that part of the decree for the recovery of $44.80, representing the amount claimed in the cost bill, excepting the sum of $10 is void; that in December, 1903, an execution was issued, and the property, the subject-matter of the suit, was sold thereunder and purchased by Shute for the sum of $600, which amount, less $17.50, costs of sale, was credited on the decree; that thereafter, on March 21, 1904, Miller filed objections to the confirmation of the sale, and at the same time filed a motion, supported by his own affidavit and that of his attorney, to vacate, open up, and modify the decree, on the ground that on account of the loss of the pleadings, evidence, and exhibits a mistake had been made against the defendants therein, in the amount found due by the decree, and that he was entitled to a credit of $294 paid by him upon the contract, but which was not allowed, although claimed by him in his answer, and established at the trial; that all efforts of the respective attorneys in the case to find the lost records had proven futile; that there appeared to be no record of the court,

or in the offices of the attorneys, whereby any authentic data of what the pleadings contained could be secured, and that the decree as rendered was based upon statements of plaintiffs and their counsel, and upon the recollection of the court, and was not supported by the pleadings or evidence, and is therefore illegal and unjust; that none of the facts set forth in the affidavits so filed in support of the motion were controverted by plaintiffs in that suit; that at the hearing thereon an agreement was made to the effect that Miller waived his objections to the confirmation of the sale, and Tongue and Shute waived and remitted all claims against the former for the balance of the judgment, and in consideration thereof, Miller did not further insist on his objections, and the sale was confirmed; that, relying upon said agreement, Miller's attorney took no further action in the case, supposing that the decree was satisfied and canceled; that September 6, 1906, plaintiffs therein, in violation of the agreement, and to enforce payment of the said balance, caused a further execution to be issued upon the decree, which had not, in fact, been satisfied of record, and caused the same to be levied upon a quantity of hops belonging to Miller; that such decree is illegal and void, because given after and during the loss of the pleadings, and is illegal and void as to the costs, and that enforcement thereof would be wrongful and in violation of the agreement.

The answer admits the loss of the pleadings, papers, and exhibits in the case prior to the making of the findings and rendition of the decree; that they cannot be found; that the case was under advisement by the court for about four years before the rendition of the findings and decree; and that defendants therein filed objections to the confirmation of the sale, and a motion to vacate the decree, supported by affidavits as alleged in the complaint; but denies all other material averments of the

complaint, excepting the issuance of the alias execution, and the seizure thereunder of Miller's property. But it is affirmatively alleged that after the seizure of the hops Miller gave to the sheriff an undertaking in due form of law, and secured from him a surrender of the hops. A dismissal of the suit and a recovery of defendants' costs and disbursements are demanded.

The reply put at issue the new matter of the answer, except the release of the hops. Upon a trial the court found for the defendants, and dismissed the suit, but also entered a personal judgment for $436.50 in favor of each of the defendants against one J. W. York, designated therein as "the surety in said undertaking." The plaintiff has appealed.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Samuel B. Huston, Mr. John M. Wall* and *Mr. Loring K. Adams,* with an oral argument by *Mr. Adams.*

For respondents there was a brief over the names of *Mr. Edmund B. Tongue, Mr. Thomas H. Tongue* and *Messrs. Bagley & Hare,* with oral arguments by *Mr. Edmund B. Tongue* and *Mr. George R. Bagley.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. From an inspection of the pleadings and the decree it is apparent that the purpose of the suit, so far as it seeks to enjoin the sale of the plaintiff's property seized under the alias execution, was rendered wholly useless through the surrender of the property by the sheriff to the plaintiff, which was evidently done under the authority conferred by Section 236, B. & C. Comp., and by the latter's failure to redeliver it upon the day of sale. Just when this took place, with relation to the filing of the complaint, the record does not disclose, but that it did take place is admitted, and it is apparent that Miller failed to redeliver the property to the sheriff at the time and place of sale, for plaintiffs in the writ have attempted in this suit to secure a personal judgment against J. W.

York, the surety in the undertaking for the balance due upon the decree, but we do not know of any law to support such proceedings under the facts of this case. We are referred by defendants' brief to Section 309, B. & C. Comp., amended by Chapter 193, Sess. Laws 1907, p. 356, as authorizing the entry of judgment against York as surety in such undertaking, but that section is a part of the civil procedure under attachment proceedings, and has no application to the law of executions upon judgments or decrees.

2. When the sheriff surrendered the property to the plaintiff, and the latter failed to redeliver the same, according to the terms of the undertaking, the sheriff's authority, under the execution, was gone. It then became *functus officio,* and the plaintiffs in the writ were remitted to their action on the undertaking, authorized by Section 236.

3. It is not averred that the sheriff was attempting to make any further levy under the writ, or was attempting to sell the property, which had been surrendered. It would therefore be idle ceremony to prohibit the doing of something not threatened or attempted to be done. For the same reason, the judgment against York was unauthorized by law, and is void, but he is not a party to this suit. He is not complaining, and, until he does, this court will take no notice thereof.

4. It is quite clear also that when in the original suit, the records having been lost and not restored, the trial court, aided by the recollection of plaintiff's counsel, relied upon its memory as to the issues raised by the pleadings, made findings and entered a decree, its act was at least irregular, and its decree voidable, if not void; and upon proper and seasonable application by opposing counsel to the court rendering the same such decree should be set aside. When the original pleadings filed in a case have been lost or destroyed, it is necessary

that copies of such pleadings should be substituted (31 Cyc. 598), and under such circumstances, in an equity suit, the court cannot regularly proceed to trial or to the entry of a judgment or decree without first restoring the original record, or supplying the omission by substitution of substantial copies. If this is not done, no decree can be rendered in favor of plaintiff, but the suit must be dismissed. *Glover* v. *Rainey*, 2 Ala. 727; *Groch* v. *Stenger*, 65 Ill. 481; *Grimison* v. *Russell*, 11 Neb. 469 (9 N. W. 647).

5. Treating this as a mere irregularity, rendering the decree voidable, no legal foundation is furnished for relief by an independent suit to set it aside, or enjoin its enforcement; for "it is well settled that where a court in which a judgment or decree is rendered has jurisdiction of the subject-matter and of the parties, equity has no jurisdiction to enjoin such judgment or decree for errors or irregularities in the proceedings leading thereto or in the judgment or decree itself, and it is altogether immaterial that the judgment or the decree was unjust or that the error was such as to warrant a new trial." 16 Am. & Eng. Enc. Law (2 ed.) 389; *Nicklin* v. *Hobin*, 13 Or. 406 (10 Pac. 835) ; *George* v. *Nowlan*, 38 Or. 537 (64 Pac. 1).

6. But, considering the decree as void, for the reasons alleged as contended by plaintiff, the court rendering it has the power to vacate it (*Conant's Estate*, 43 Or. 530: 73 Pac. 1018), and the plaintiff herein, having invoked the power of that court by motion, under Section 103, B. & C. Comp., which by Section 396, is made applicable to suits in equity, he is bound to pursue that remedy to a final determination, which is complete and ample, and and is a bar to a suit in equity for the same relief on the same ground. *Thompson* v. *Connell*, 31 Or. 231 (48 Pac. 467: 65 Am. St. Rep. 818) ; *Reagan* v. *Fitzgerald*, 75 Cal. 230 (17 Pac. 198). It is admitted by the defendants that such motion was filed by the plaintiff, and that it has

Sig. 20

never been passed upon by the court, but is still pending.

7. We come now to the consideration of the breach of the alleged agreement, upon which it is also attempted to base jurisdiction of the court, to enjoin the enforcement of the decree in the former suit. The evidence relied upon by the plaintiff, when considered in connection with the defendants' positive contradictions, is too indefinite and unsatisfactory to establish the fact that the minds of the parties met in an agreement, that the residue of the personal judgment was to be remitted and canceled by the defendants in consideration of plaintiff's withdrawal of his objections to the confirmation of the sale. It is admitted by E. B. Tongue, however, when testifying in his own behalf, that "it was agreed there that we could take the confirmation of the sale, and the motion to open up the judgment and correct it was to be left open, * * and the matter has been standing here in that way ever since." The confirmation of the sale was taken at that time, but, in view of the foregoing admission by the defendants, the waiver by plaintiff of his objections previously made thereto must be confined to the regularity of the proceedings affecting the sale, and cannot be considered as a ratification of the validity or regularity of the decree, as argued by the defendants.

8. This brings us to the question of the relief, asked in the complaint, against the enforcement of that part of the judgment for costs, which covers disbursements; that is, the item of $44.80, in excess of the sum of $10. It is urged by plaintiff that it is void, because the cost bill was not filed within five days after the entry of the decree, and was not served. The statute, relative to allowance of costs and disbursements, is prohibitive in character, and expressly declares that no disbursements shall be allowed to any party unless he shall serve on such adverse party or parties as are entitled to notice by law or rules of the court, and files with the clerk

of such court within five days after the rendition of the judgment or decree a statement with proof of service thereof, if notice to the adverse party is required, indorsed thereon or attached, showing with reasonable certainty the items of all disbursements, etc. Such statement of disbursements, however, may be filed with the clerk at any time after said five days, but not later than the first day of the next regular term of the court, occurring after the expiration of said five days; but in such case such statement must be served on the adverse party or parties. Sess. Laws 1903, p. 209. This statute is a limitation upon the power of the court to allow disbursements, and, unless the record shows upon its face that the requirements of the statute have been met when the judgment for disbursements was entered, it must be held to be void, for it not only lacks jurisdictional authority to support it, but stands in the face of a statutory prohibition against its entry. The decree in question was entered December 10, 1903, and a cost bill was filed on the 18th of that month, but without any proof of service indorsed thereon, or attached. Not having been filed within five days to meet the requirements of the statute, it must have been served upon the defendant in the suit or his attorney, and proof thereof should appear indorsed thereon or attached. In this particular it fails, and to that extent the judgment is void. Plaintiff, however, does not allege that any part of the amount charged as disbursements was not, in fact, incurred by plaintiffs therein, or legally taxable as such, or any circumstance tending to show that it would be inequitable to enforce that part of the judgment, as was done in *Galbraith* v. *Barnard,* 21 Or. 67 (26 Pac. 1110), and in *Rader* v. *Barr,* 37 Or. 453 (61 Pac. 1027), nor has he invoked the interposition of equity to prevent a cloud being cast by the record upon the title to any real property owned by him, but solely to be relived of the judgment. Under such

circumstances, it is doubtful whether equity will grant the relief prayed for, although the judgment is void. *George* v. *Nowlan,* 38 Or. 537 (64 Pac. 1). The right to costs and disbursements is but an incident to a final judgment, and, as the finality of the decree has been assailed by the plaintiff's motion to vacate and set it aside, we deem it proper to remit plaintiff to his remedies in the trial court.

The decree is affirmed.        AFFIRMED.

Mr. Justice MCBRIDE, having presided at the trial of the cause in the court below, did not participate in this decision.