SEUBERT, et al, Appellants, v. SEUBERT, et al, Respondents

(7 N. W.2d 301.)

(File No. 8563. Opinion filed January 4, 1943.)

**Danforth & Danforth,** of Sioux Falls, for Appellants.

**C. A. Hamilton** and **Blaine Simons,** both of Sioux Falls, for Respondents.

RUDOLPH, P.J. This action is a sequel to Seubert et al. v. Seubert et al., 68 S. D. 159, 299 N. W. 873. Andrew Seubert, the defendant in the prior action, together with other parties, the propriety of whose appearance need not be determined, are now seeking to have the judgment rendered against Andrew and which was affirmed in the prior action, annulled and set aside. The trial court sustained a motion to dismiss the plaintiffs' complaint and plaintiffs have appealed. So far as here material, the complaint alleges in substance that the judgment in the prior action was obtained only because of the false and perjured testimony of August Seubert, who was one of the parties to the prior action, and further that only since the judgment in the prior

action has become final has evidence been discovered which will establish that perjured and false testimony was given by August Seubert.

■■ This court has recently held that after a judgment has become final such judgment will not be set aside upon the ground of newly discovered evidence alone. Wasem v. Ellens et al., 68 S. D. 524, 4 N. W.2d 850. However, it is contended in this action that the judgment should be set aside because it is a judgment founded upon the perjured testimony of August Seubert, who has by means of this perjured testimony, committed a fraud upon Andrew and the courts. This court in the case of Whitney et al. v. Hazzard et al., 18 S. D. 490, 101 N. W. 346, had occasion to consider an application to have a judgment set aside on the grounds that it was fraudulently conceived and entered and in the course of that opinion the court approved the opinion of the Supreme Court of the United States in the case of United States v. Throckmorton, 98 U. S. 61, 65, 25 L. Ed. 93. In the Throckmorton case the court said:

"There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy; namely, interest rei publicae, ut sit finis litium, and nemo debet bis vexari pro una et eadam causa. * * *

"But there is an admitted exception to this general rule in cases where, by reason of some thing done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out

his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. * * * In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. Mr. Wells, in his very useful work on Res Adjudicata, says, sect. 499: 'Fraud vitiates everything, and a judgment equally with a contract; that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for, in general, the court will not go again into the merits of an action for the purpose of detecting and annulling the fraud. * * * Likewise, there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance besides the negligence of the defendant, in presenting the defense in the legal action.' "

This rule established by the Throckmorton case has been generally accepted. Annotations 16 A. L. R. 397, 88 A. L. R. 1201, 126 A. L. R. 390. The basis for the rule is, as stated in the Throckmorton case: "That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

Should we concede that the rule of the Throckmorton

case is not inflexible, nevertheless, we are of the opinion that the rule announced in that case is especially applicable to the present facts. The dispute concerning the issues adjudicated in the prior case was of long standing. The issues were carefully and thoroughly tried. These issues were again presented to the court on a motion for a new trial at which time allegedly newly discovered evidence was presented, all of which sought to discredit and establish the falsity of the testimony of August given at the trial. The alleged perjury of August did not prevent Andrew from exhibiting fully his case. There was no surprise occasioned by the testimony of August, because this testimony went directly to issues raised by the pleadings. The present attempt simply seeks to have these issues relitigated, after they have been finally determined by well established legal processes, with all parties present, who were in no way prevented from presenting fully their case. Should we hold the present complaint sufficient, such a holding would certainly lead to the mischief which the Throckmorton and similar cases seek to avoid, i. e., repeated litigation between the same parties in regard to the same subject of controversy.

■■ The allegations of the complaint relating to a conspiracy entered into to commence the action, add nothing to the complaint in view of the fact that all issues raised by the pleadings were tried and determined by the court, and such allegations do not change the character of the alleged fraud. If the complaint is to be sustained, such holding must be based upon the allegations of perjury committed by August. As stated above, this alleged perjury relates only to issues fully litigated and determined in an action where the veracity of August was directly in issue and finally determined by the court. The alleged facts, in our opinion, present no circumstances which would warrant a reversal of the trial court.

The order appealed from is affirmed.

All the Judges concur.