Argued February 29; reversed March 26, 1940

# FAIN *v.* AMEND

(100 P. (2d) 481)

Department 2.

Harry G. Hoy, of Portland (Hoy & Prag, of Portland, on the brief), for appellant.

L. A. Wells, of Portland, for respondent.

KELLY, J.  Plaintiff's cause of action as set forth is based upon an alleged oral agreement, which plaintiff claims was made during the month of February, 1939, by the terms of which plaintiff agreed to quit and surrender to defendant certain premises consisting of a restaurant, camp grounds and cabins known as the Bridal Veil Lodge and Camp Grounds situated at Bridal Veil, Multnomah county, Oregon, and defendant, for and in consideration for such surrender, agreed to pay to plaintiff herein the sum of three hundred dollars ($300).

Prior to said time plaintiff had gone into possession of said premises by virtue of a lease theretofore originally executed by defendant to J. D. and Katherine Duffy, assigned by said Duffys to E. W. Hobson and in turn assigned by Hobson to plaintiff.

On March 9, 1939, plaintiff surrendered possession of said premises.

As an affirmative defense defendant pleads that on February 23, 1939, plaintiff was in possession of the real property described in plaintiff's complaint, and at said time plaintiff was in default in the payment of the monthly rental reserved in the lease contract mentioned in plaintiff's complaint.

That on said February 23, 1939, defendant herein, as plaintiff in the district court of Multnomah county instituted an action in forcible entry and detainer against plaintiff herein as defendant therein in which defendant herein prayed for restitution of said premises. That in said forcible entry and detainer case a trial was had in said district court and a judgment rendered therein in favor of defendant herein as plaintiff, awarding him restitution of said premises.

Personal service of summons in said forcible entry and detainer action upon plaintiff herein is also alleged in defendant's affirmative defense, and it is alleged that plaintiff herein as defendant therein appeared personally at the trial of the forcible entry and detainer action and testified thereat.

It is also alleged in defendant's affirmative defense, that thereafter, pursuant to said judgment and not otherwise, plaintiff vacated the premises mentioned in her complaint.

In her reply, plaintiff herein alleges:

"I.

That at the time the plaintiff and defendant entered into the agreement as set forth of Paragraph III. of this plaintiff's complaint herein and simultaneously therewith, the defendant herein made a contract with one, a Mr. Forbes, by the terms of which he leased the identical property which this plaintiff had leased from the defendant and that the said Forbes paid at said time to the defendant rental which was owed upon said lease and it was understood and agreed by and between the plaintiff and the defendant that such payment paid all rent then due and it was further agreed that this plaintiff was to retain possession of the premises for the said Forbes until he had received his license to sell beer on said premises.

II.

That thereafter the defendant herein did on the 23rd day of February, 1939, file in the District Court for the County of Multnomah, Oregon, an action in Forcible Entry and Detainer against this plaintiff as alleged in Paragraph II of the Answer; that upon said Forcible Entry and Detainer action being served upon this plaintiff, she immediately went to the defendant herein, Virgil Amend, and asked him the meaning of Forcible Entry and Detainer action and he told her that it was a matter of form and for her not to get an attorney or pay any attention to it; that he would live

up to his agreement and pay her the Three Hundred Dollars ($300.00) as agreed, which agreement is fully set forth in the complaint.

### III.

That this plaintiff relying upon said representations and promises of the defendant and believing them to be true and induced thereby and relying thereon, did not inform her attorney of the commencing of said Forcible Entry and Detainer action and allowed it to go by default; that at the time said Forcible Entry and Detainer action was brought, there was no sums whatsoever due on said lease contract, and said lease contract was not in default and this plaintiff did not defend said Forcible Entry and Detainer action because of the renewed promise on the part of the defendant that the Forcible Entry and Detainer action was only a matter of form and notwithstanding said action he would pay to this plaintiff the said sum of Three Hundred Dollars ($300.00)."

Upon appeal from the district court this case was tried in the circuit court as an action at law.

It will be seen that the consideration alleged to have passed to defendant for which plaintiff seeks to recover the amount demanded consisted of the surrender of the possession of the property described in her complaint. The judgment in the forcible entry and detainer action constitutes an adjudication that plaintiff was not entitled to the possession of such property when she surrendered it. If this judgment is valid there was no consideration for the agreement upon which plaintiff's action is based; for in that case plaintiff merely did that which she was required to do by said judgment.

In her reply plaintiff alleges fraud on the part of defendant herein by which plaintiff was prevented from making a defense in the forcible entry and detainer

action. The manner in which the alleged fraud is pleaded was not challenged but defendant through his counsel urged in the circuit court that such an issue could be determined only in equity. He has urged that contention on this appeal.

There are numerous cases holding that a judgment obtained by fraud is void and may be attacked collaterally both at law and in equity. *McCraney v. New Orleans & N. E. R. Co.*, 128 Miss. 248, 90 So. 881; *Plummer v. Plummer*, 37 Miss. 185; *Richardson v. Trimble*, 45 Sup. Ct. Rep. (38 Hun. (N. Y.) 409; 17 Abb. N. Cas. 210; *Baker v. Byrn*, 89 Hun. 115, 35 N. Y. S. 55; *Wheeler v. Sweet*, 16 N. Y. S. 836; *Dobson v. Pearce*, 1 Duer's Rep. (N. Y.) 142; *Hutchins v. Lockett*, 39 Tex. 165; *Phelps v. Benson*, 161 Pa. 418, 29 A. 86; *Carr v. Miner*, 42 Ill. 179; *Beck v. Lash*, 303 Ill. 549, 136 N. E. 475; *Griffin v. Culp*, 68 Okla. 310, 174 P. 495; *Gray v. McKnight*, 75 Okla. 268, 183 P. 489; *Cotterell v. Koon*, 151 Ind. 182, 51 N. E. 235; *Ellis v. Kelly*, 71 Ky. 621.

The courts holding that a judgment may be impeached in an action at law are controlled by statutes abolishing the distinction between legal and equitable defenses. *Dobson v. Pearce*, supra. In Oregon we have no such statute.

Section 6-102, Oregon Code 1930, provides, among other things, that in action at law the plaintiff may by reply set up equitable matter not inconsistent with the complaint and constituting a defense to new matter in the answer. It is also therein provided that when such equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed, until the determination of the issues raised, as a suit in equity by which the proceeding at law may be per-

petually enjoined or allowed to proceed in accordance with the final decree.

Section 28-1107, ibid., as amended by section 5 of chapter 401, Oregon Laws 1935, p. 650 at p. 653 provides that

"Civil actions in district courts shall be commenced and prosecuted to final determination and judgment enforced therein, in the manner provided in the code of civil procedure for similar actions in circuit courts, except as in this act otherwise provided."

We find nothing pertaining to the procedure in the district court which changes the course enjoined upon circuit courts when an equitable defense has been interposed in an action at law.

Subdivisions 8 and 9 of section 28-1105, Oregon Code 1930, as amended by section 3 of said chapter 401, Oregon Laws 1935, confer jurisdiction in equity as well as law upon district courts but neither of these subdivisions prescribe any different procedural course for a district court, when an equitable defense is presented in an action at law, than that which is enjoined upon the circuit court in such a case.

We find no provision of the statute prescribing a different course of procedure to be followed by the circuit court in the trial of a case upon appeal from the district court than that which is found in said section 6-102, Oregon Code 1930.

■ We think that plaintiff's further and separate reply charges fraud in the procurement of the judgment in the forcible entry and detainer case. As stated, it was recognized by defendant as tendering that issue and defendant insisted that only a court of equity could grant the relief sought thereby. We agree with defend-

ant that the question thus presented by plaintiff's reply is one of equitable cognizance.

"The common law of an early day had no practical machinery by which a litigant might be relieved from unconscionable and false judgments. There were no appellate courts where a case might be reviewed, and the only escape was by an attaint of the assize, whereby a verdict was declared false and another substituted. This was attended with much difficulty, and soon fell into disuse. The absence of legal remedies forced litigants to seek relief from the chancellor. The authority of chancery, acting *in personam*, to enjoin that which would be inequitable or against conscience, was generally well established. But in this class of cases the indirect effect was to annul the solemn decisions of the common-law courts; and it was not permitted without a bitter contest had in the time of Lord Coke. The jurisdiction of chancery was, however, finally sustained." 11 Ency. Plead. & Pract. Subject, Judgments, pp. 1168, 1169, citing 2 Pollock & Maitland's Hist. Eng. Law, pp. 661, 662; *Bright v. Eynon*, 1 Burr 390; 2 Tidd's Pr. (1st Am. ed.) 815; *Horn v. Queen*, 4 Neb. 108, 5 Neb. 472; Crowley's Case, 2 Swanst. 22 Note b; Crabb's Hist. Eng. Law. 543-545; 3 Cooley's Black Com. (3rd ed.) 54; 1 Spence's Eq. Jur. 411; *Wagner v. Drake*, 31 Fed. 849; *Albert v. Winn*, 7 Gill (Md.) 446; *Beveridge v. Hewitt*, 8 Ill. App. 467; *Rowland v. Jones*, 2 Heisk. (Tenn.) 321.

■ A court of equity and a court of law in this state are essentially different forums. *Willis v. Crawford*, 38 Or. 522, 530, 63 P. 985, 64 P. 866, 53 L. R. A. 904. As stated, there is no statute in Oregon abolishing the distinction between legal and equitable defenses. Neither is there any provision of the statute vesting jurisdiction in court of law to relieve a party from a judgment procured by fraud or deception practiced on him by his opponent.

■ For authority justifying plaintiff in attacking defendant's judgment, we have but to turn to the case of *State Bank of Sheridan v. Heider*, 139 Or. 185, 9 P. (2d) 117. There, this court, speaking through Mr. Justice (now Mr. Chief Justice) RAND, said:

"It is conceded by courts and text writers alike that a court of equity has inherent power to relieve a party from a judgment procured by fraud or deception practiced on him by his opponent, or when he had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. The following cases sustain the rule: *Galbraith v. Barnard*, 21 Or. 67, (26 P. 1110); *Handley v. Jackson*, 31 Or. 552, 50 P. 915, 65 Am. St. Rep. 839; *Bowsman v. Anderson*, 62 Or. 431, (123 P. 1092)."

■ We are not unmindful that the court rendering the judgment as alleged in defendant's answer herein, may in its discretion upon such terms as may be just, at any time within one year after notice thereof, relieve a party from judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Section 1-907, Oregon Code 1930.

If this remedy were adequate and complete, plaintiff would be restricted to it alone and could not invoke the aid of equity; but the court which entered the judgment in forcible entry and detainer has no jurisdiction in that case to enjoin or stay further proceedings in the instant case. By virtue of the statute above cited, which authorizes the interposition of equitable defenses in law actions, plaintiff has the right to have the proceedings at law stayed until her equitable defense has been heard and determined. For that reason, we think that the remedy given by section 1-907, supra,

is not adequate and complete; hence, it is not a bar to plaintiff's equitable remedy herein.

■ While we think plaintiff has such equitable remedy under the facts urged by her, we are not intimating that she should prevail thereupon. Defendant contradicts plaintiff in regard to these facts; and it is for the trial court sitting as a court of equity to determine the issues thus joined.

■ If plaintiff fails in her attempt to nullify defendant's judgment in the forcible entry and detainer action, defendant's contention should be upheld that there was no consideration passing to him for plaintiff's surrender of the premises in suit; and if plaintiff's claim of fraud in the procurement of said judgment is sustained by the equity court, then this cause should be tried upon the other issues as an action at law.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

RAND, C. J., and LUSK, JJ., concur.

BAILEY, J., concurs in the result.