Argued June 11, reversed with instructions June 24, 1959

# SIBOLD *v.* SIBOLD

340 P. 2d 974

*Martin P. Gallagher,* Ontario, argued the cause for appellant. With him on the brief were Gallagher & Gallagher, of Ontario.

*Orval N. Thompson,* Albany, argued the cause for respondent. With him on the brief were Weatherford & Thompson, of Albany.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and CRAWFORD, Justices.

CRAWFORD, J. (Pro Tempore)

Defendant, James F. Sibold, appeals from a decree setting aside a decree of divorce awarded him May 20, 1949, in a suit in which Ada F. Sibold, plaintiff herein, was defendant. A property settlement had been agreed upon and approved by the court and defendant's default entered. On September 9, 1949 the said Ada F. Sibold filed a petition to set aside the said divorce decree and for leave to file her answer and cross-complaint. James F. Sibold, plaintiff therein, defendant herein, objected to the filing and demurred to the petition. November 21, 1950, after a hearing on the motion, the same was denied. No appeal was taken. April 4, 1951, the present suit was filed. In this case

the plaintiff, Ada F. Sibold, prays a decree setting aside the decree entered in the earlier case in which James F. Sibold was the plaintiff and Ada F. Sibold the defendant. She grounds her case largely in mental incapacity, lack of adequate legal representation, fraud and gross inequity with respect to the property settlement. Defendant denies generally and by way of a first affirmative answer avers the fairness of the property settlement, mental capacity, the absence of fraud and adequate legal representation, and in a second affirmative answer pleads res judicata in that the petition to set aside the decree awarded him May 20, 1949 raised and presented the same issues as are sought to be presented here. Plaintiff in reply denied the first affirmative answer and demurred to the second on ground of insufficient facts. We consider the issue of res judicata.

The second affirmative answer alleges in haec verba the petition to set aside the decree of May 20, 1949. It is identical in scope and content with the allegations of the complaint herein, both being addressed to the same issues. Plaintiff is now seeking the same relief based upon the same facts she relied upon in her prior motion, which was denied. The order denying the motion reads as follows:

"THIS MATTER COMING on to be heard on the petition of the defendant for a decree setting aside the decree entered herein on May 20, 1949, and permitting defendant to file an answer and cross complaint herein, the defendant appeared in person and by Mark V. Weatherford, of her attorneys, and the plaintiff appeared in person and by John D. Galey, of his attorneys.

"PLAINTIFF objected to the Court proceeding under said petition, and demurred to said petition on the following grounds.

"1. That said petition did not constitute a motion as provided for in O.C.L.A. 1-1007, nor an affidavit, as defined by Statute, nor an original suit to set aside said decree, as provided for in O.C.L.A. 9-102.

"2. That said petition did not constitute a suit to set aside the property settlement between the parties, and therefore did not allege facts sufficient to show that the result of a trial of the case on the merits after answer would be different than the existing decree.

"3. That the said petition did not allege facts sufficient to show that defendant had exercised reasonable diligence in seeking to set aside the decree.

"4. That said petition did not allege facts sufficient to show any ground for setting aside the decree, either for mistake, inadvertence, surprise or excusable neglect, whether by reason of fraud, perjury, coercion, duress, mental incapacity of the defendant, or otherwise.

"THE COURT, having heard the arguments of counsel, and being advised, finds that the plaintiff's grounds of objections to demurrer numbered 1, 2, and 3 should be overruled, and plaintiff's objection and demurrer on ground 4 should be sustained.

"WHEREFORE, it is now CONSIDERED and ORDERED that defendant's petition for a decree setting aside the decree entered herein on May 20, 1949, and permitting defendant to file an answer and cross complaint herein, be and the same hereby is denied.

"Dated November —, 1950.

"/s/ Fred McHenry
"CIRCUIT JUDGE".

It thus appears the motion was denied as failing to state sufficient facts "to show any ground for setting aside the decree, either for mistake, inadvertence,

surprise or excusable neglect, whether by reason of fraud, perjury, coercion, duress, mental incapacity of the defendant, or otherwise."

Res judicata is defined in Black's Law Dictionary as follows: "A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment."

In *Thompson v. Connell,* 31 Or 231, 48 P 467, plaintiff sued to set aside a judgment allegedly entered by fraud. The court spoke as follows on page 234:

"* * * Subsequently to the rendition of said judgment the plaintiff applied to the circuit court by motion to be relieved against it, and for leave to file an answer therein, and the application was denied. There was a demurrer to the complaint, which was sustained, and the ruling of the court in this regard is assigned as error.

"It is contended, in support of the ruling of the court below, that, the plaintiff having made application to the court in the law action to set aside the judgment, and the application having been passed upon and denied, he is now precluded from prosecuting a suit in equity for the purpose of annulling the same judgment, based upon grounds identical with those upon which the application was founded, and we are of the opinion that the contention is sound. * * *"

See also, *Miller v. Shute,* 55 Or 603, 107 P 467.

In considering this doctrine the court in *Spencer v. Watkins,* 169 F 379, expressed itself to the effect that in order to render a judgment conclusive as an estoppel between parties to a suit, it is not always essential that there should have been a formal joinder of issue between such parties; nor does it matter that the question decided was purely one of law, and the

decision rendered on motion or demurrer, provided the merits were involved and decided, and the decision was final. To like effect, see, *Lake v. Bonynge,* 161 Cal 718, 118 P 535, from which we quote the following:

"Freeman on Judgments, Section 323, declares: 'The tendency of the recent adjudications is to inquire whether an issue or question has been in fact presented for decision and necessarily decided, and, if so, to treat it as res adjudicata, though the decision is the determination of a motion or summary proceeding, and not of an independent action. * * *' "

"It has generally been held that a judgment sustaining a general demurrer, or a demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action, or that an absolute defense is disclosed by the allegations of the complaint, is an adjudication on the merits and bars another action on the same facts; * * *." 50 CJS 80, Judgments, Section 543.

See, also, 41 Am Jur 70, Pleadings, Sec. 252; 30A Am Jur, Judgments, Sections 347 and 359; *American Surety Co. v. Baldwin,* 287 US 156.

■■ It is not the form a ruling assumes nor how induced that lays the cornerstone for res judicata; it is the substance, its address to the merits, its finality. Here we find all three, substance going to the existence of a legal cause of action, a submission to a ruling on the merits and a determination that was final. The court had jurisdiction. Fraud was alleged. *Bank of Sheridan v. Heider,* 139 Or 185, 9 P2d 117; *Fain v. Amend,* 164 Or 123, 100 P2d 481. Whether the issue is presented by motion, demurrer or answer is of minor importance. Was opportunity given for

consideration on the merits and was the matter so considered? Was there an appealable ruling? Was the issue disposed of on its merits? If so, the issue is res judicata. Here the facts are admittedly identical. They are as completely before the court as though developed on a full dress trial. There is no difference. Defendant seized the opportunity to present the issue. A ruling was made on the merits. It is decisive and was appealable. "It stands adjudicated" on the merits.

So far as plaintiff's charges of mental incapacity, fraud and inadequacy of proper legal representation, resulting in a grossly inadequate property settlement are concerned, we find practically no evidence to support the same. There is no evidence indicating anything other than nervous reaction to conditions. Her doctor, her daughter, her neighbor gave no such testimony and her attorney did not so testify. Their evidence is to the contrary. She had competent legal advice and after negotiations the property settlement was entered into. The property involved was fairly and equitably distributed, if values fixed by defendant are accepted. If plaintiff's values are to be applied, then the difference would not be appreciably greater. Plaintiff has failed to sustain the burden of proof. The decree must be and is reversed and the original decree reinstated.