Argued November 21, 1975, appeal dismissed February 3, 1976

## MULTNOMAH COUNTY, *Appellant,*

*v.*

## SABIN et al, *Respondents.*

(No. 412-230, CA 4835)

545 P2d 615

*George M. Joseph,* County Counsel, Portland, argued the cause for appellant. With him on the briefs

was Charles S. Evans, Chief Deputy County Counsel, Portland.

*Alvin L. Alexanderson,* Assistant Attorney General, Salem, argued the cause for respondent Public Utility Commissioner. With him on the brief was Lee Johnson, Attorney General, Salem.

No appearance by respondent Rapid Transfer and Storage Company.

Before Foley, Presiding Judge, and Fort and Lee, Judges.

FOLEY, P. J.

**FOLEY, J.**

This suit was instituted by plaintiff Multnomah County against the defendant Public Utility Commissioner and defendant Rapid Transfer & Storage Company, pursuant to the provisions of ORS 756.580, to set aside an order of the Commissioner imposing a civil penalty upon the County, as provided by ORS 767.470,[1] for aiding and abetting the violation by Rapid Transfer of ORS 767.410(2)(a),[2] which prohibits a common carrier from charging rates at variance from those which have been legally established and filed with the Commissioner.

The Commissioner found that Rapid Transfer responded to the County's invitation for bids for the delivery, erection and return of voting equipment with a bid for transportation services in a sum substantially less than the legally established rate and that the County accepted the bid and entered into a contract with Rapid Transfer for performance of the transportation services. In pertinent part, the Commissioner's order read as follows:

> "IT IS THEREFORE ORDERED that civil monetary penalties in the sum of $1,900 are assessed against each of the defendants in this proceeding, Rapid Transfer and Storage Company (a corp.), Portland, Oregon, and Multnomah County, Portland, Oregon * * *."

The circuit court considered the suit upon a stipula-

---

[1] ORS 767.470(1) provides:

"In addition to all other penalties provided by law, every person who violates or who procures, aids or abets in the violation of ORS 767.005 to 767.315, 767.405 to 767.495 or 767.605 to 767.640 or any order, rule, regulation or decision of the commissioner shall incur a penalty of $100 for every such violation."

[2] ORS 767.410(2)(a) provides:

"Except as provided in ORS 767.425:

"* * * * *

"(2) No common carrier or forwarder shall:

"(a) Charge, demand, collect or receive a greater, less, or different remuneration for the transportation of passengers or property, or both, or for any service in connection therewith, than the rates which have been legally established and filed with the commissioner."

tion of facts and on the administrative record and set aside the imposition of a civil penalty upon the County on the grounds that the County is not a "person" subject to administrative penalties under ORS 767.470.[3] The court also presumed to affirm the Commissioner's conclusion that the County was subject to rate regulation by the Commissioner under the provisions of the Motor Carriers' Act, ORS ch 767, when entering into contracts for motor transportation services. The circuit court's order read as follows:

"Therefore it is DECREED that the Public Utility Commissioner's Order No. 74-942 insofar as it imposes a penalty upon Multnomah County is reversed and of no further force and effect and that *the Order is otherwise affirmed.*" (Emphasis supplied.)

■ The County has attempted to appeal from the latter portion of the circuit court decree which assumes to affirm the Commissioner's order. The County contended that it acted in accordance with the provisions of the Public Purchase Law, ORS ch 279, which constituted an exception to the regulatory provisions of the Motor Carriers' Act, ORS ch 767. However, we are not authorized to determine this question because the order of the circuit court was not appealable by the County since the language purporting to affirm the Commissioner was gratuitous and without legal effect.

Under the Motor Carriers' Act, ORS ch 767, a non-carrier is not subject to regulation but is liable to the imposition of a civil penalty for aiding and abetting a carrier's violation of the Act. ORS 767.470 renders only a "person" liable to a civil penalty for aiding and abetting. The circuit court reversed the Commissioner's imposition of a penalty because the court determined that the County was not a "person" within the meaning of the civil penalty provision. That completely disposed of the matter and the additional language of the decree purporting to affirm the balance of

---

[3]The Commissioner did not appeal from this determination. Thus, whether the County is a "person" subject to civil penalties under ORS 767.470 is not an issue on appeal.

the Commissioner's order had nothing to do with the determination of the case.

■ Where a litigant has received by the final order he wished to attack all the relief available to him, he may not appeal from such judgment.[4] *Hume v. Turner,* 42 Or 202, 70 P 611 (1902). *See* Annotation, 69 ALR2d 701 (1960). *See also* 4 CJS 554, Appeal & Error § 183 (1957).

Here the County could obtain nothing more by its suit than relief from the penalty, and this was accorded it, hence, its appeal must fail.

Appeal dismissed.

**FORT, J.,** dissenting.

The Commissioner in addition to levying a $1,900 fine against both Rapid Transfer and Storage Company and Multnomah County, defendants before him, also included in his order the following:

"12. After being audited by the Commissioner's auditor, on May 15, 1973, Rapid issued its Invoice No. A62748, showing a total charge for the transportation service involved of $12,211.96, of which Multnomah

---

[4]The statute providing for judicial review of judgments or decrees allows for appeal in the following instances:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"* * * * *." ORS 19.010.

The order in this case does not affect a substantial right of the County or otherwise meet the above criterion for review. *See Multnomah Co. v. Reed,* 203 Or 21, 278 P2d 135 (1954).

County had paid $8,498.70, *and the balance, $3,713.26, is owed by Multnomah County to Rapid (Exhibit F). * * *"* (Emphasis supplied.)

The decree of the circuit court in turn provides:

"The Order must be reversed insofar as it imposes a fine upon Multnomah County, however, as the County is not a 'person' against whom such administrative penalties may be assessed. ORS 767.470.

"Therefore, it is DECREED that the Public Utility Commissioner's Order No. 74-942 insofar as it imposes a penalty upon Multnomah County is reversed and of no further force and effect *and that the Order is otherwise affirmed.*" (Emphasis supplied.)

The notice of appeal to this court by the County states that plaintiff-appellant

"* * * appeals * * * from that part of the order entitled Decree * * * which affirms the order of the Public Utility Commissioner insofar as it determines that the motor transportation services performed for Multnomah County are subject to rate regulation by the Commissioner."

An important finding of the Commissioner was the one determining that the County owed Rapid Transfer and Storage Company $3,713.26. The trial court, by its decree affirming the Commissioner in all other respects, in my opinion approved his finding that the County owed Rapid Transfer and Storage Company that amount.

It seems to me that it is necessary for this court to consider and determine whether the appellant County is governed in this type of contract by the requirements of the open bidding law, ORS ch 279, as it here claims, or whether it is bound in relation to contracts with carriers by rates regulated by the respondent under the Motor Carriers' Act, ORS ch 767, as the Public Utility Commissioner here contends. In my view the finding that the County owes Rapid Transfer and Storage Company the above sum is binding upon it and would be res judicata against it in any subse-

quent proceeding brought by Rapid, since both are parties and appeared here.

In *Sibold v. Sibold,* 217 Or 27, 340 P2d 974 (1959), the court said:

"Res judicata is defined in Black's Law Dictionary as follows: 'A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment.'

"* * * * *

"In considering this doctrine the court in *Spencer v. Watkins,* 169 F 379, expressed itself to the effect that in order to render a judgment conclusive as an estoppel between parties to a suit, it is not always essential that there should have been a formal joinder of issue between such parties; nor does it matter that the question decided was purely one of law, and the decision rendered on motion or demurrer, provided the merits were involved and decided, and the decision was final. * * *

"It is not the form a ruling assumes nor how induced that lays the cornerstone for res judicata; it is the substance, its address to the merits, its finality. Here we find all three, substance going to the existence of a legal cause of action, a submission to a ruling on the merits and a determination that was final. The court had jurisdiction. * * * Was opportunity given for consideration on the merits and was the matter so considered? Was there an appealable ruling? Was the issue disposed of on the merits? If so, the issue is res judicata. * * *" 217 Or at 31-33.

Accordingly, I am of the opinion that the County did not by the trial court order receive all the relief available to it under its notice of appeal. Furthermore, it appears to me that the trial court order holding that the County does not owe the penalty imposed by the Commissioner is inherently inconsistent with that portion of its order which, by affirming all the rest of the Commissioner's order, confirms his finding that the County owes Rapid Transfer and Storage Company $3,713.26.

Finally, and independently of the foregoing, I am of the opinion that the basic issue is one of substantial

public importance arising out of an apparent conflict between two major legislative acts, each of which declares an important public policy—public bidding on governmental contracts on the one hand and rate regulation of carriers on the other. Thus, I think we should decide the issue.

Accordingly, I respectfully dissent.