# IN THE OREGON TAX COURT

Douglas C. STRAIN
*v.*
## DEPARTMENT OF REVENUE
(TC 2728)

Roy D. Lambert, Schwabe, Williamson & Wyatt, Portland, represented plaintiff.

Ted E. Barbara, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant granted Summary Judgment on December 13, 1988.

**CARL N. BYERS, Judge.**

This case is before the court on cross-motions for summary judgment. The court heard oral arguments on October 25, 1988, and has considered the memorandums filed by the parties.

The parties have stipulated to the following facts:

1.   Plaintiff made gifts as follows:

| | |
|---|---|
| 1980 | $55,133 |
| 1981 | $46,008 |
| 1982 | $37,696 |

2.   For each of the years in question, plaintiff and his wife followed a previously established pattern of electing to treat any gifts made by one of them as made one-half by the other (commonly referred to as "gift-splitting").

3.   Plaintiff filed timely federal gift tax returns for the years 1980 and 1981. On the returns he and his wife made the election to split the gifts.

4.   Plaintiff did not file a 1982 federal gift tax return timely due to erroneous information undervaluing the gifts for 1982.

5.   Plaintiff and his wife "privately elected" to split the gifts for Oregon gift tax purposes but that election was not communicated to defendant in any manner.[1]

For the years in question, ORS 119.022 provided:

"At the election of both spouses, a gift made by one spouse to any other person shall be considered as made one-half by each spouse for the purpose of computing the gift tax. The election shall be made by April 15 following the calendar year in which the gift is made."

The sole issue before the court is whether plaintiff, in order to obtain the benefits afforded by ORS 119.022, was required to file gift tax returns or other written election statements with the defendant.

Plaintiff argues the following points:

1.   The statute does not require that the election be made in writing or that the election even be communicated to defendant.

2.   That such requirements would be beyond a reasonable interpretation of the statute.

---

[1] Although the parties have stipulated that the election was made privately, there is no indication or stipulation as to how that election was made.

3. That a timely federal election is irrevocable and, therefore, would preclude abuse with regard to the Oregon election.[2]

4. That ORS 119.022 does not establish requirements which are parallel to the federal law.

5. That it was not until 1985, when ORS 119.022 was amended, that the federal law and state law became parallel. Or Laws 1985, ch 761, § 3.

█    The weak link in plaintiff's argument is his own "reasonable interpretation." Plaintiff's interpretation is not reasonable. Reason demands that a statute requiring a timely election be construed to give meaning to the requirement. That can only be done by inferring a need to communicate that election to some authority. The fact that the statute requires the election to be made before a specific date implies that the election must be manifested to someone before the expiration of that time. The date itself, April 15, suggests that the election should be on the return which is required to be filed by that date.

Any doubt as to reasonable interpretation of the statute was removed in this case by defendant's adopting, under specific rule-making authority (ORS 119.510), a rule providing:

> "The election shall be exercised on the return or on a separate document signed by both spouses. The election shall be filed with the department by April 15 following the year in which the gift is made." (OAR 150-119.022.)

█    This temporary rule amendment, adopted January 26, 1981, was effective for 180 days pursuant to ORS 183.335(6)(a). On June 18, 1981, before the expiration date of the temporary amendment, the amendment was made permanent. Therefore, the rule requiring a written election for gift-splitting was in effect during the subject years.[3]

---

[2] Defendant apparently agrees with plaintiff that the position taken on the first return filed by the taxpayer is irrevocable. In this case, plaintiffs, on the advice of a CPA, filed late returns for the years in question, making no election to split the gift. Defendant argues that plaintiffs' attempt to later correct the situation by filing amended returns is not effective. The court is not required to pass on the issue in this case since another point is dispositive.

[3] OAR 150-119.022 was permanently amended before the effective repeal of ORS 119.510; therefore, the rule was duly promulgated under specific legislative authority.

■ "Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute." *Bronson v. Moonen,* 270 Or 469, 476, 528 P2d 82 (1974).

ORS 119.022 required a timely election to be made if spouses wished to employ gift-splitting. OAR 150-119.022 made explicit the method for communicating this election to defendant. Plaintiff did not comply in any way with the requirements of the statute and the court finds that defendant is entitled to judgment as a matter of law. Now, therefore,

IT IS ORDERED that plaintiff's Motion For Summary Judgment is denied; and,

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgement is hereby granted.

Costs to neither party.