DECISION
This matter is before the court on Plaintiff's Motion for Summary Judgment. Gary Safley and Judy Safley (Plaintiffs) appeal the farm use disqualification by Defendant Jackson County Assessor (the county) of 1.34 acres of their land, identified as Account 1-001482-8, for tax year 2009-10. (Ptf's Compl at 1.) Oral argument was heard via telephone January 13, 2010. Plaintiff was represented by Charles M. McNair, Attorney at Law, Fowler and McNair, LLP. Defendant Jackson County Assessor was represented by John W. Cacka, Jackson County Assessor's office. Defendant-Intervenor Department of Revenue (the department) was represented by Douglas M. Adair, Senior Assistant Attorney General, Oregon Department of Justice.
 I. STATEMENT OF FACTS
Plaintiffs have owned 320.95 acres of land in the Rogue Valley area since approximately 1979. (Ptfs' Compl at 5; Ptfs' Mot for Summ J at 2.) The apex of the property is known as Mt. Baldy. (Inv's Resp Opp'n to Ptfs' Mot for Summ J (Response) at 1.) The majority of the property is, and has been for many years, devoted to farming in the form of cattle grazing. Safley v. Jackson County Assessor, *Page 2 
TC-MD No 050910B (Control), 2007 Ore Tax LEXIS 77 at * 3 (May 10, 2007). The property is located in an area zoned exclusive farm use (EFU) and has in prior years benefitted from the special assessment provisions for lands lying within an EFU zone, as provided in ORS 308A.062. (Inv's Response at 1.) A portion of the property at the summit of Mt. Baldy contains telecommunications improvements including buildings, towers and utilities. (Id.) There is also a road leading to the telecommunications property. (Id.)
According to the statement of facts in an earlier decision of this court, "Plaintiffs have, since the early 1980s, maintained five small transmitter towers on top" of the mountain. Safley v.Jackson County Assessor, TC-MD No 050910B (Control),2007 Ore Tax LEXIS 77 at * 3 (May 10, 2007). The antennas on the towers are rented to third parties as bases for their transmitting equipment.Id. There are also three small buildings owned by Plaintiffs surrounding the perimeter of the peak. Id. at *3-4. The structures house communication translators and transmitters.Id. at * 4. One of the three towers is, or was at one time, surrounded by fencing. Id. Grazing occurs in the immediate area surrounding the towers. Id.
The county has previously attempted to disqualify a small portion of the subject property — 1.34 acres — from special assessment.[1] Although the amount of acreage at issue is small relative to the size of the entire parcel, the disqualifications significantly increased the property's value and taxes. This court has twice overturned the county's disqualifications, the last affecting the 2005-06 and 2006-07 tax years. The first adverse decision of this court overturned the county's disqualification due to faulty notice. Safley v. Jackson County Assessor, *Page 3 
TC-MD No 030555E, 2004 Ore Tax LEXIS 9 at * 6 (Jan 28, 2004). The second decision, also in Plaintiffs' favor, found that the area supporting the towers and buildings was de minimus and "cause[d] negligible interference with Plaintiffs' unified, overall farming operations." Safley v. Jackson County Assessor, TC-MD No 050910B (Control), 2007 Ore Tax LEXIS 77 at * 6-7 (May 10, 2007). The premise behind the county's prior unsuccessful disqualifications was that the telecommunications equipment is inconsistent with farming.
In 2008, the administrative rules promulgated by the Department of Revenue regarding farm use special assessment were revised.See OAR 150-308A.056 (2009); OAR 150-308A.059 (2006); (Inv's Response at 2). OAR 150-308A.056 was amended to include guidelines regarding specific uses of land that would not qualify as farm use, and OAR 150-308A.059 was withdrawn completely. See OAR150-308A.056 (2009); OAR 150-308A.059 (2006). The changes were effective January 1, 2009.
On March 19, 2009, the county disqualified 1.34 acres of the total 320.95 acres from farm use special assessment for the 2009-10 tax year. (Ptfs' Compl at 5.) Upon disqualification, the county valued that section of land at $820,000. (Id. at 2.) The disqualified section of land is devoted to the telecommunications buildings and equipment and the road leading thereto. (Inv's Response at 2-3.) Plaintiffs timely appealed.
 II. ANALYSIS
A. Contentions of parties
Plaintiffs seek a ruling that the county and the department are barred from disqualifying 1.34 acres of Plaintiffs' property from farm use special assessment (EFU) for the 2009-10 tax year, which the county valued upon disqualification at $820,000.
Plaintiffs note in their Motion for Summary Judgment that two prior judgments of this court by Magistrates Sideras and Mattson are material to their motion and that in both cases "this *Page 4 
court adjudged that Jackson County Assessor's disqualification from special assessment was not, as a matter of law, justified." (Ptfs' Mot for Summ J at 2.)
Plaintiffs frame the issue as whether "these prior judgments preclude relitigation of the same issue between the same parties in the same court on the same property when the real property attributes necessary for special assessment have not changed." (Ptfs' Mot for Summ J at 3.)
Plaintiffs argue that under the doctrines of claim and issue preclusion, as well as estoppel, the county should be precluded from replicating an "act twice adjudged to not be justified, factually or legally." (Ptfs' Mot for Summ J at 3-4.) Plaintiffs cite favorable language from a 1936 Oregon Supreme Court decision, Winters v.Bisaillon, 153 Or 509, 515, 57 P2d 1095, in which the court adopted the legal maxims that "[a] man should not be twice vexed for the same cause," and "[i]t is for the public good that there be an end to litigation." (Ptfs' Mot for Summ J at 3.) Plaintiffs acknowledge that that decision was based on the earlier iterations of claim and issue preclusion, known as res judicata and collateral estoppel, but insist that the principles apply with equal force to their contemporary counterparts. (Ptfs' Mot for Summ J at 3.) Plaintiffs further note that in Sibold v. Sibold,217 Or 27, 32, 33, 340 P2d 974 (1959), the court sets forth the "cornerstone of the doctrine" that:
 "It is not the form a ruling assumes nor how induced it lays the cornerstone for res judicata; it is the substance, its address to the merits, its finality. * * * Was opportunity given for consideration on the merits and was the matter so considered? Was there an appealable ruling? Was the issue disposed of on its merits? If so, the issue is res judicata."
(Ptfs' Mot for Summ J at 4.)
Plaintiffs argue that by granting their motion "the court[] recogniz[es] the significance and legal effect of its prior hearings, fact findings, and judgments and prevents the improper loss of the special assessment of this farm land." (Ptfs' Mot for Summ J at 5.) *Page 5 
Plaintiffs further assert that the ancillary effect of a favorable ruling is that the county is forced to abide by Measure 50 unless the nature of the land is changed. (Ptfs' Mot for Summ J at 5-6.)
Finally, Plaintiffs insist that a favorable ruling on the motion upholds two significant public policies: "the finality of judicially determined issues and claims," and the "protection of farmlands." (Ptfs' Mot for Summ J at 6; Ptfs' Rebuttal Br at 3.)
The department argues that claim and issue preclusion do not apply to this case "[b]ecause each tax year stands on its own and because there has been a material change in applicable law since the exemption in question was last decided by a court[.]" (Inv's Response at 1.) In support of that contention, the department cites to OAR 150-308A.056, which has been revised and renumbered since it was relied upon in Plaintiffs' last litigation before this court on the farm use assessment issue involving tax years 2005-06 and 2006-07. (Inv's Response at 4.)
Additionally, the department points to the lack of statutory authority for limitations on special assessments. (Inv's Response at 3-4.) In support of that argument, the department cites to ORS 309.115 as providing that "a final order determining a property's real market value" under a separate assessment may not be displaced for five years. (Inv's Response at 3.) The lack of a similar limitation on special assessment status, the department argues, shows that the legislature had no intent to limit assessor actions regarding the status or value of special assessment properties. (Inv's Response at 3-4.)
The issue for review in this case is whether Plaintiffs are subject to the new assessment made by the county, or whether the county is barred from assessing additional value due to claim preclusion, issue preclusion, or Measure 50. First, the court must review the grant of authority to the department to create and change its administrative rules. Second, the court must assess the changes in the rules promulgated by the department to determine if Plaintiffs are subject to new *Page 6 
guidelines implemented since the farm use of the Plaintiffs was last determined by the court. Third, the court must review the criteria for both claim and issue preclusion to determine whether the action of the county is barred. Finally, the court will address the Measure 50 argument presented by Plaintiffs.
B. Grant of authority and changes in the promulgatedadministrative rules of the department
1. Grant of authority
First, the court must review the grant of authority to the department to create and change its administrative rules. ORS 305.100 states: "The Department of Revenue shall: (1) Make such rules and regulations it deems proper to regulate its own procedure and to effectually carry out the purposes for which it is constituted." ORS 305.100(1).[2] "Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute." Bronson v. Moonen,270 Or 469, 476-77, 528 P2d 82 (1974) (citations omitted);Strain v. Dept. of Rev.,11 OTR 121, 124 (1988) (citation omitted).
Here the department, being subject to ORS 308A.056, amended OAR150-308A.056 and withdrew OAR 150-308A.059 in 2008. See OAR150-308A.056 (2009); (Inv's Response at 2). The amendment and withdrawal of the regulations were in accordance with the department's grant of authority because the changes were made in order "to regulate its own procedure." See ORS 305.100(1). Because administrative rules have the effect of statutory law, the court must accordingly review them as law.
2. Changes in the promulgated administrative rules of thedepartment
Second, the court must assess the changes in the administrative rules of the department to determine if Plaintiffs are subject to new farm use guidelines. Prior to the amendment of *Page 7 
OAR 150-308A.056 and the withdrawal of OAR150-308A.059, neither rule included guidelines regardingspecific uses of land that would not qualify as farm use.See OAR 150-308A.056 (2006); OAR 150-308A.059 (2006). Instead, OAR 150-308A.059 stated,
 "The assessor must consider all the requirements of ORS 308A.056 and must be convinced that not only such requirements are met but, in addition, the land must be used in a manner that is reasonably designed and intended to give rise to a profit in money by accepted farming practices. * * * The assessor should consider all pertinent facts in reaching a conclusion as to whether the use of a particular parcel of land qualifies as farm use land. * * * Any part of a farm unit which is being used for a non-farm use must be disqualified."
OAR 150-308A.059(2)(b), (3) (2006). The related statute, ORS 308A.056, specifically excluded timberland in its definition of farm use, but failed to list any other specific uses of land that would not qualify for farm use. ORS 308A.056(2) (2007); see ORS 308A.056 (2007). The 2008 amendment took effect on January 1, 2009, and changed OAR 150-308A.056 to read:
 "[A]ny part of a farm unit that is employed in or supports a non-farm use does not qualify for special assessment. Examples of non-farm use include, but are not limited to:
 "(a) Land under retail stores, except for farm stands offering agricultural products for sale * * *[;]
 "(b) Land under processing facilities * * *[;]
 "(c) Land under areas used to encourage the use or enjoyment of agricultural products * * *[;]
 "(d) Land under structures such as communication towers, and improvements that support the structures[;]
 "(e) Land under structures used for power generation or transmission * * *[;]
 "(f) Private roads not used primarily to support the farming operation such as those used to access structures listed in subsections (d) and (e)."
OAR 150-308A.056(5)(a)-(f) (2009) (emphasis added).
In adding subsection (5) to OAR 150-308A.056, the department modified the formerly more general wording of OAR150-308A.059 (2006) to include specific types of property that were not eligible as farm use land and incorporated it into 150-308A.056. By including subsection (5)(d) and (5)(f), the department directly affected Plaintiffs. Because the changes in the rule were effective January 1, 2009, the provisions of that rule could be applied to Plaintiffs *Page 8 
for the 2009-10 tax year. When the county disqualified 1.34 acres of Plaintiffs' land on March 19, 2009, it was acting in accordance with the newly promulgated rule. Based on the changes to the rule that have occurred since the use of Plaintiffs' land was last addressed by the court in the most recent prior appeal (Safley, TC-MD No 050910B (Control)), Plaintiffs are subject to the new guidelines of OAR 150-308A.056 (2009).
C. Claim and issue preclusion
Plaintiffs argue primarily that the disqualification of their property as farm use land is barred because of either claim or issue preclusion. (Ptfs' Mot for Summ J at 3.)
1. Claim preclusion
Claim preclusion occurs when an action is barred because the plaintiff has already litigated the same claim against the same defendant. Jones v. Department of Revenue, TC-MD No 030991C,2004 Ore Tax LEXIS 44 at * 5-6 (Mar 26, 2004) (citing Drews v. EBICompanies, 310 Or 134, 140, 795 P2d 531 (1990)). It has long been held in Oregon tax cases that each tax year stands alone; thus, each tax year is its own cause of action.See e.g., U.S. Bancorp v. Dept. of Rev.,15 OTR 13, 15 (1999) (citing Mittleman v. Commission,2 OTR 105, 106 (1965)). Because the former litigation of Plaintiffs corresponded with a different tax year, claim preclusion does not apply here.
2. Issue preclusion
Issue preclusion occurs when a court has decided an issue that a party is trying to relitigate, so long as that issue was identical, actually litigated and decided on the merits, and final.Washington County Police Officers v. Washington County(Washington County Police Officers),321 Or 430, 435, 900 P2d 483 (1995) (citations omitted). Additionally, the precluded party must have had an opportunity to be heard and must have been a party or in privity with a *Page 9 
party to the prior litigation. Id. The prior litigation must also have been of a type to which the court will give preclusive effect. Id.
Here, Plaintiffs have twice before prevailed in litigation regarding the farm use of their land. (Ptfs' Mot for Summ J at 2.) First, this court overturned the county's disqualification for procedural notice issues. Safley v. Jackson County Assessor, TC-MD No 030555E, 2004 Ore Tax LEXIS at * 9 (Jan 28, 2004). Second, this court determined that the non-farm activity "cause[d] negligible interference with Plaintiffs' unified, overall farming operations." Safley v. Jackson County Assessor, TC-MD No 050910B (Control), 2007 Ore Tax LEXIS 77 at * 6 (May 10, 2007). Because the 2004 action (involving tax year 2002-03) was not decided on the merits, it does not preclude the current action. In contrast, the 2007 action (involving tax years 2005-06 and 2006-07) was actually litigated and decided on the merits. See Id. The 2007 judgment was also final. Seeid. Furthermore, the precluded party, the county, was a party to that dispute, so the privity requirement is met. Seeid. at * 1. The county also had its opportunity to be heard.See id.
The final consideration in determining whether issue preclusion applies here is whether the issue determined in 2007 was identical to the issue presented in this case. See Washington County PoliceOfficers, 321 Or at 435. Plaintiffs argue that the issue was identical because the broad issue dealt with in court's 2007 decision was whether the farm use disqualification was valid. (Ptfs' Mot for Summ J at 4-5.) Plaintiffs also note that their use of the property has not changed since 2007 and that the material facts are the same here as they were during that action. (Id.) The department contends that because the law itself has changed, preclusion is necessarily prevented. (Inv's Response at 4.)
The department's argument is well taken. The new OAR150-308A.056 (2009) took effect on January 1, 2009. The disqualification took place on March 19, 2009, less than three *Page 10 
months later, and affected the 2009-10 tax year, which had a January 1, 2009, assessment date. See generally ORS 308.007. The issue decided in 2007 could not be identical to the issue decided here because the rule applied here was not in effect in2007 or earlier. Instead, the 2007 claim was adjudicated using the less specific guidelines in the 2006 version of OAR150-308A.059. Because the rule was changed specifically to address the type of property owned by Plaintiffs and because the rule did not take effect until after Plaintiffs' last litigation was concluded in 2007 (affecting tax years 2005-06 and 2006-07), issue preclusion cannot apply to Plaintiffs' current case, which involves the 2009-10 tax year.
D. Measure 50
Plaintiffs also assert that Measure 50 bars the county from increasing the assessed value of Plaintiffs' property more than three percent from the previous year. See Or Const, ArtXI, § 11(1)(b). Measure 50 was passed by Oregon voter referendum in May 1997, and has been instituted as Article XI, section 11, of the Oregon Constitution. See id.
The argument of Plaintiffs is not persuasive to the court. Article XI, section 11, of the Oregon Constitution sets out certain exceptions to the three percent maximum increase in assessed value, one of which is when "[t]he property becomes disqualified from exemption, partial exemption or special assessment." Or Const, ArtI, § 11(1)(c)(E). Because the litigation of Plaintiffs directly results from a farm use special assessment disqualification, that exception applies, and the county is not barred from increasing the assessed value of Plaintiffs' property by more than three percent from the previous year. *Page 11 
 III. CONCLUSION
For the foregoing reasons, the court concludes that neither claim nor issue preclusion applies here. The court also concludes that Measure 50 does not bar the county from increasing the assessed value of Plaintiffs' property by more than three percent from the previous year. Plaintiffs' Motion for Summary Judgment must be denied.
The subject property, 1.34 acres of Plaintiffs' land, improved with certain telecommunications buildings and equipment and a road leading to the telecommunications property, specifically falls within a category of uses identified in the department's regulation — OAR 150-308A .056(5) — as "non-farm use." For that reason, Plaintiffs' appeal must be denied. Now, therefore,
IT IS DECIDED that Plaintiffs' Motion for Summary Judgment is denied; and
IT IS FURTHER DECIDED that Plaintiffs' appeal is denied.
Dated this ____ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon December 2, 2010. The Court filed and entered this documenton December 2, 2010.
[1] See Safley v. Jackson County Assessor, TC-MD No 040185E (Aug 16, 2004) (stipulated judgment reducing the tax year 2003-04 assessed value); Safley v. Jackson County Assessor, TC-MD No 030555E (Jan 28, 2004) (Decision overturning county's disqualification and value increase for the 2002-03 tax year because the notice failed to comply with the requirements in the relevant administrative rule, OAR 150-308A.718); Safley v. JacksonCounty Assessor TC-MD No 050910B (May 10, 2007) (consolidated Decision overturning county's disqualification of 1.34 acres for the 2005-06 and 2006-07 tax years because under OAR 150-308A.059(2)(b) the assessor is to consider the "`[r]atio of farm or agricultural use as against other uses of the land,'" and the court concluded that "[t]he broadcast tower siting causes negligible interference with Plaintiffs' unified, overall farming operations [and] [w]hile the small area may derive funds from other sources, it is still used as grazing areas for livestock.")
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.