DECISION
Plaintiff appeals Defendant's Notice of Deficiency Assessment, dated February 17, 2010, for the 2008 tax year. The notice denied Plaintiff the Working Family Child Care Credit, Dependent Care Credit, and the Head of Household filing status. Oral arguments were held on July 20, 2010, and August 16, 2010. Plaintiff appeared on his own behalf. Morgan Brown appeared on behalf of Defendant. During the August 16, 2010, proceeding, Plaintiff conceded that he was not entitled to the Head of Household filing status, but Plaintiff appeared to back away from that position during that proceeding. The court will therefore address that issue in its decision as well as the credits related to child care expenses.
 I. STATEMENT OF FACTS
Plaintiff has a son, Sawyer, who was born January 7, 2003. Plaintiff and the child's mother, Angela K. Kagele (Kagele), were never married, although they did live together for several years. Subsequent to the parties' separation, they entered into a Stipulated General Judgment (Judgment) regarding custody and child support. That Judgment, signed by the parties in June 2007, provides in part that "[the parties shall share joint legal custody of the minor child [Sawyer] of the parties." (J at 4.) *Page 2 
Plaintiff and Kagele executed a "Mediated Agreement" providing nearly identical language as to joint custody ("[t]he parents shall be joint legal custodians of Sawyer"). (Ptf's Ex 2 at 1.) The Mediated Agreement specifically addresses parenting time and provides in relevant part that Plaintiff has "parenting time each Friday, Saturday, and Sunday. The start of the father's parenting time shall vary according to the parents work schedule. * * * Sawyer shall be returned to the mother either Sunday evening or Monday morning." (Id.) Plaintiff has asserted both during the court proceedings and in his written submissions that, in actuality, he and Sawyer's mother share custody "relatively 50 50 and neither one of us could possibly prove who had him more than the other in 2008." (Ptf's Ltr at 1, Aug 16, 2010.) In his August 16, 2010, letter to the court, Plaintiff states that he "always picked up Sawyer Thursday after school and returned him either Sunday night or dropped him off Monday back at school." (Id.)
The child's mother signed a Form 8332, which is a federal "Release of Claim to Exemption for Child of Divorced or Separated Parents" (Release Agreement) on 8/31/07. (Id. at 9.) That Release Agreement specifies that Kagele chooses not to claim the child care exemption for Sawyer for 2006, and future even-numbered years, including "2008, 2010 etc[.]" (Id.)
Plaintiff alleges that he paid all of the child care expenses for his son Sawyer in 2008. Defendant acknowledges that Plaintiff paid for and substantiated child care expenses in the amount of $5,148. (Def's Answer at 1.) Plaintiff had claimed a slightly larger amount, $5,760, on his 2008 return. (Id.) Plaintiff claimed a child care credit in the amount of $450 and a working family credit in the amount of $2,304. (Id.) Defendant denied both credits. Plaintiff insists he is entitled to both credits and believes that the instructions he followed in preparing his 2008 return support his position. Plaintiff contends that it is fair and reasonable for him to be *Page 3 
entitled to the credits at issue because he paid for the child care and had custody of the child roughly one-half of the year in 2008. Moreover, Plaintiff believes it would be unjust to deny him the credit because Sawyer's mother claimed the credits on her 2008 Oregon return and Defendant denied her the credits because she did not pay for the child care. If Plaintiff is now denied the disputed credits, neither parent will receive the benefit the state clearly intended to confer upon them as relatively low income wage earners with work-related child care expenses.
 II. ANALYSIS
The court must determine whether Plaintiff qualifies for: (A) the working family child care credit under ORS 315.262;[1] (B) the dependent care credit under ORS 316.078; and (C) "head of household" filing status.
A. Working Family Child Care Credit
ORS 315.262 provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's child care costs incurred for the purpose of allowing the taxpayer to work or attend school. The credit is commonly referred to as the working family child care credit. ORS 315.262(3) states, in pertinent part:
 "[a] qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
The term "child care expenses" is defined by statute as "the costs associated with providing child care to a qualifying child of a qualified taxpayer." ORS 315.262(1)(b) (emphasis added). *Page 4 
The term "qualifying child" is tied to the definition under section 152 of the Internal Revenue Code. See
ORS 315.262(1)(f). The IRC defines a qualifying child as:
 "(1) * * * with respect to any taxpayer for any taxable year, an individual —
 "(A) who bears a relationship to the taxpayer described in paragraph (2),
 "(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
 "(C) who meets the age requirements of paragraph (3), and
 "(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins."
IRC 152(c).
Plaintiff's son does not meet the definition of a "qualifying child" under that general rule in IRC section 152(c)(B) because Plaintiff's home is not his son's principal place of abode.
However, the IRC alters this definition for divorced or separated parents. IRC 152(e) states:
 "(1) In general.
Notwithstanding subsection (c)(1)(B), * * * if —
 "(A) a child receives over one-half of the child's support during the calendar year from the child's parents —
 "(i) who are divorced or legally separated under a decree of divorce or separate maintenance,
 "(ii) who are separated under a written separation agreement, or
 "(iii) who live apart at all times during the last 6 months of the calendar year, and —
 "(B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met. *Page 5 
 "(2) Exception where custodial parent releases claim to exemption for the year. For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if —
 "(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
 "(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year."
(Emphasis added). Thus, for federal income tax purposes, a child may be the qualifying child of the non-custodial parent so long as there is a written declaration stating that the custodial parent will not claim the child as a dependent for the tax year and the taxpayer attaches that written declaration to the return. As a qualifying child, Plaintiff would be entitled to claim the child care expenses for purposes of the working family credit in ORS 315.262 by virtue of the alternative definitional rules in IRC section 152(e)(1) and (2) set forth above.
Plaintiff points to the instructions for filling out the 2008 Oregon income tax return for support of this construction. Example 1 in the household size calculation provides an example similar to Plaintiff's situation.
 "Rusty and Deb are not married and are the parents of two children. They maintain separate households and have joint custody of both children. The children live more than half the year with Deb. Even though the children are Deb's qualifying children, she releases the dependent exemption for one child to Rusty. Both Rusty and Deb may claim the credit based on the child care expenses they paid. However, each needs to calculate their household size separately."
(2008 Oregon Scheduled WFC at 39, Example 1 (emphasis added).) While those instructions do not carry with them the force of law, the Oregon Administrative Rules confirm this analysis. *Page 6 
OAR 150-315.262 states:
 "(2) For purposes of this credit, a qualifying child is included in the household size[2] of the custodial parent even if the exemption was released to a noncustodial parent under Internal Revenue Code (IRC) section 152(e). * * *.
 "Example 1: Dale and Lisa are divorced with two children. The children live in Lisa's home with Lisa for more than half of the year, but she releases the dependent exemption for one child to Dale. Dale has the children on certain weekends, holidays, and one month in the summer. Lisa has remarried and her mother-in-law is a qualifying dependent having lived in Lisa's home the entire year. Both Dale and Lisa may claim the credit based on the child care expenses each paid. Lisa's household size equals five (herself, spouse, one dependent child, one dependent child whose exemption is released to the father, and mother-in-law.) Dale has not remarried so his household size equals one (himself). Although he claims one child on his tax return, the child does not live with him and is not included in his household size."
(Emphasis added).
Thus, under Example 1 of the rule quoted above, Plaintiff "may claim the credit based on the child care expenses [he] paid." (2008 Oregon Scheduled WFC at 39, Example 1.)[3]
By the plain language of the statute, which incorporates by reference IRC section 152, and the administrative rules and instructions promulgated by the Department of Revenue, a taxpayer may qualify for the Working Family Childcare Credit even if he or she is the noncustodial parent. The custodial parent and non-custodial parent must be divorced, legally separated, separated pursuant to a written separation agreement, or have lived apart six months of the year. IRC 152(e)(1). Non-custodial parents seeking to qualify for the Working Family Childcare Credit must also provide a written declaration from the custodial parent which releases the claim of exemption for the child. See OAR 150-315.262; IRC152(e)(2). *Page 7 
Plaintiff and the child's mother Kagele were legally separated in 2008. Plaintiff has substantiated $5,148 of qualifying child care expenses. Plaintiff submitted federal Form 8332, "Release of Claim to Exemption for Child of Divorced or Separated Parents" signed by the mother, releasing the right to claim an exemption for all even numbered tax years. The tax year at issue is an even-numbered year (2008). Because Plaintiff proffered the mother's written declaration, Plaintiff's child is a "qualifying child" for purposes the Working Family Childcare Credit under the IRC section 152(e)(2) exception, and Plaintiff is entitled to the Working Family Child Care Credit for 2008 based on the child care expenses he has substantiated. B. Dependent care credit
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is referred to as the dependent care credit. The dependent care credit is specifically tied to IRC section 21. See ORS 316.078. IRC section 21 states, in pertinent part:
 "(a) Allowance of credit.
 "(1) In general. In the case of an individual for which there are 1 or more qualifying individuals (as defined in subsection (b)(1)) with respect to such individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the applicable percentage of the employment-related expenses * * * paid by such individual during the taxable year.
 "* * * * * *Page 8 
 "(b) Definitions of qualifying individual and employment-related expenses.
 "For purposes of this section —
 "(1) Qualifying individual. The term "qualifying individual" means —
 (A) a dependent of the taxpayer (as defined in section 152(a)(1)) who has not attained age 13[.]"
(Emphasis added.)
IRC section 152(a)(1), in turn, provides that "the term `dependent' means — a qualifying child." The definition of "qualifying child" in IRC section 152(a)(1) is found IRC section 152(c) and, by implication includes the exceptions found in IRC section 152(e) discussed above. Because the court has already determined that Plaintiff's child is a "qualifying child" under IRC section 152(e), and that the child is under the age of 13, the child is also a "qualifying individual" for the purposes of IRC section 21. Accordingly, Plaintiff meets the requirements for the dependent care credit under ORS 316.078.
C. "Head of Household" filing status
For purposes of this case, IRC section 2(b) defines "head of household" as:
 "[an] individual [who] is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either —
 "(A) maintains as his home a household which constitutes for more than one-half of such taxable year the principle place of abode, as a member of such household, of —
 "(i) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), * * *.
 "* * * * *
 "(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or *Page 9 
 "(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.
(Emphasis added.)
IRC section 2 rejects the 152(e) exception for "qualifying child" and requires that the child reside with the parent for more than half of a year in order for an individual to attain the "head of household" filing status.
Plaintiff has the burden of proof and must establish his case by a preponderance of the evidence. ORS 305.427. During oral argument, Plaintiff stated that although the written agreement provides that he only had custody three days a week, actual custody was "about 50/50." That statement does not provide information sufficient enough to prove, by a preponderance of the evidence, that Plaintiff maintained a household which constitutes his son's principle place of abode for more than one-half of the 2008 tax year. Moreover, Plaintiff conceded during the second court proceeding in this matter that he did not qualify for the head of household filing status. Based on all the above, the court concludes that Plaintiff does not qualify for the "head of household" filing status.
 III. CONCLUSION
Plaintiff, a non-custodial parent, qualifies for the working family childcare credit because he provided a written declaration by the custodial parent releasing the dependent exemption for the child pursuant to ORS 315.262 and IRC 152(e). His child is a "qualifying child" for the purposes of the working family childcare credit, and is under the age of 13, thus is also a "qualifying individual" for the purposes of ORS 316.078 and IRC section 21. Plaintiff thus also *Page 10 
qualifies for the dependent care credit provided in ORS 316.078. Plaintiff does not, however, qualify for the "head of household" filing status because his son did not live with him more than half of the year. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted in part, with the court finding that he qualifies for the working family credit and the dependent care credit for 2008, as explained more fully above.
Dated this ___ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon May 27, 2011. The Court filed and entered this documenton May 27, 2011.
[1] All references to the Oregon Revised Statutes (ORS), Oregon Administrative Rules (OAR) and Internal Revenue Code (IRC) are to 2007.
[2] "Household size" is used in determining the amount of the credit, not the entitlement thereto.
[3] "Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute." Bronson v.Moonen, 270 Or 469, 476-77 (1974) (citations omitted);Strain v. Dept. of Rev.,11 OTR 121, 124 (1988) (citation omitted). *Page 1